## ROWE *v.* BIRD.

*Evidence.   Pleading.   Gen. Sts. c.* 104, *s.* 9.

Plaintiff's evidence tended to prove that defendant's dog was one of two that killed his sheep, and that the other dog had been killed.  Defendant had no knowledge that his dog was accustomed to worry sheep, and gave evidence tending to show that his dog was not one of the two, but was at home when the sheep were killed. Plaintiff had a dog at the time the sheep were killed that was then at large near where they were killed, which plaintiff afterwards caused to be killed.  Defendant offered to show that plaintiff's dog had, at certain specified times, in the neighborhood of plaintiff's residence, chased and worried sheep.  *Held,* inadmissible.

The second count alleged, that defendant's dog, by him owned and kept, at a time and place named, did worry and wound plaintiff's sheep, in consequence whereof some died, &c.; to the great damage of the plaintiff, and contrary to the form, force, and effect of s. 9, c. 104, of the Gen. Sts.  *Held,* a declaration on the statute.

If dogs owned by different persons jointly injure sheep, trespass on s. 9, c. 104, of the Gen. Sts. may be maintained against one only of such owners, although the other be known to the plaintiff.

TRESPASS, for that at Bethel, on the 7th of December, 1872, defendant, with force and arms, by his dog, did worry, wound, and kill a great number of plaintiff's sheep, to wit, thirty sheep, of the value of, &c., to the great damage of plaintiff, and contrary to s. 9, c. 104, of the Gen. Sts.   Also for that at said Bethel, defendant's certain other dog, by him owned and kept, with force and arms, on said 7th day of December, did worry and wound plaintiff's other sheep, to wit, thirty sheep, so that many of them, to wit, fifteen sheep, died in consequence thereof, and the residue became and were of little value to the plaintiff in consequence thereof.   To the great damage of plaintiff, and contrary to the form, force, and effect of said statute.   Also, for that at said Bethel, on said 7th day of December, defendant, with force and arms, with his certain other dog, chased, worried, wounded, and killed other of plaintiff's sheep, of the value of one hundred and fifty dollars, to wit, thirty sheep, so that they became and were of little or no value to the plaintiff.   The last count was withdrawn, and the case tried on the other two.   Plea, the general issue, and trial by jury, May Term, 1875, BARRETT, J., presiding.

Rowe v. Bird.

It appeared on the trial that some dogs killed some of plaintiff's sheep and damaged others, on or about the 7th of December, 1872. Testimony was introduced by plaintiff tending to show that defendant's dog was one of two that did the damage. It appeared from plaintiff's own testimony, that the other of said dogs was the property of one Green, that Green's dog was killed, and that all this was known to plaintiff before this suit was commenced. Said Green was one of plaintiff's witnesses. It appeared that defendant did not cause said damage to be done, and that he had no knowledge that it was done, or that his dog was in any way wont to worry sheep. It also appeared that plaintiff was the owner and keeper of a dog at the time said damage was done, and that plaintiff's dog was loose and at large, and near the place where the damage was done at the time said sheep were killed ; and evidence tended to show that plaintiff procured his said dog to be killed just before this suit was tried by the magistrate, and shortly after the damage was done. The defendant introduced testimony tending to show that his dog was not there, but was at home at the time, and did not do the damage ; and offered evidence to show that plaintiff's dog had at different times that were specified, chased and worried sheep in the neighborhood of plaintiff's residence. The court excluded the evidence, and defendant excepted. Defendant requested the court to charge the jury,

1. That under the declaration plaintiff cannot recover unless he proves that defendant purposely set his dog onto the sheep, or knowingly allowed him to injure them.

2. That at least plaintiff must show that defendant knew his dog was in the habit of killing sheep, or that the dog was wont to worry and injure sheep, and this was known to defendant, otherwise he cannot recover under this declaration ; and that not having alleged such knowledge in defendant, plaintiff cannot now recover by showing it.

3. That even if the court should rule against the foregoing requests, plaintiff cannot in any event recover more than single damages, and no vindictive nor exemplary damages, nor cumulative damages.

4. That under the proof, plaintiff was bound to join another with defendant in his declaration, and cannot recover against defendant alone under the statute.

The court declined to rule as requested in all but the third request. To all which refusals to rule as requested, and to said rulings, defendant excepted.

*Denisons* and *Paul*, for defendant.

*Wilson* and *Gilman*, for plaintiff.

The opinion of the court was delivered by

REDFIELD, J.    Was the exclusion of the defendant's evidence tending to prove that the plaintiff's dog had the vicious habit of worrying sheep, and might have done the mischief complained of, error ?    As the case is stated, we do not think the exclusion of this evidence error.    If the evidence relied upon by the plaintiff had been altogether circumstantial, and the fact that the defendant's dog was prone to do such mischief, and was at that time at large and in the vicinity, was relied upon to prove the fact that the mischief was done by defendant's dog, then, to modify and rebut such presumption, the proof that other dogs with like propensities were in the vicinity, and had like opportunity to do the mischief, would, we think, be admissible.

II.    We think the second count is a declaration on the statute. The pleader briefly but clearly states that this dog, by defendant owned and kept, did, at a time and place named, worry, wound, and kill thirty of plaintiff's sheep, to the great damage of the plaintiff, and contrary to the form, force, and effect of s. 9, c. 104, of the Gen. Sts. of Vermont. ˙ These wrongs and injuries are alleged to have been done contrary to this particular statute, for which damage is claimed.    Whether the plaintiff could, under this declaration, have recovered *double damages* without declaring *specifically* for it, we need not discuss, as that question is not raised.

III.    It is claimed that Green's dog was concerned in the wrong and injury to the sheep, and that fact known at the time to the plaintiff, and therefore Green should have been joined in the suit.    It is elementary, and a familiar rule in actions of tort, that each or all are liable for a joint trespass.    If, therefore, Green

*must* have been joined, the duty is imposed by force of the stat
ute. The statute allows the several owners of dogs concerned in
a joint mischief, to be joined, but does not require it. Without
this statute, the different owners and keepers of dogs concerned
in such mischief could not be properly joined, but each must an-
swer for the wrongs of his own dog. *Russell* v. *Tomlinson & Haw-
kins*, 2 Conn. 206. It is not to be supposed that by this enactment
the legislature intended to deny all remedy to the owner of sheep
wounded and destroyed by a pack of mischievous dogs, until he
could identify in proof the owners of each and every dog con-
cerned in the wrong. Such a construction would be unreasona-
ble. The purpose of the statute was to facilitate rather than
obstruct the remedy.

Judgment affirmed.