DENNIS S. McAVOY *vs.* LUTHER A. WRIGHT & others.
SAME *vs.* GEORGE G. DREW.

Suffolk. March 12. — May 10, 1884. DEVENS & COLBURN, JJ., absent.

In an action for the conversion of personal property, attached upon a writ in favor of the defendant and against one D., the plaintiff offered evidence tending to show that the property was sold and delivered to him by D. before the attachment. The defendant contended that the sale, if made, was fraudulent as against D.'s creditors. The plaintiff testified that, after the sale to him, he kept the property in a place hired by him, and paid rent therefor both before and after the attachment; and he was allowed to put in evidence the receipt taken by him for such payment. *Held,* that the admission in evidence of the receipt, although the evidence was immaterial, was not sufficient ground for a new trial.

At the trial of two actions for the conversion of personal property, one against an attaching officer, and the other against the persons in whose favor the attachment was made upon a writ against the plaintiff's vendor, evidence of the officer that he was instructed by the attorney of the other defendants to attach the property is admissible, and is, of itself, evidence of a conversion by them.

In an action for the conversion of a wagon, evidence of the market value of the wagon four months before the conversion is not too remote.

Where there is a joint conversion of personal property by several persons, the owner of the property may elect to sue some of them jointly, and, at the same time, may maintain another action against one of them separately.

In an action for the conversion of personal property, attached upon a writ against the plaintiff's vendor, evidence of an offer to sell the property to a third person, made by the vendor after the sale to the plaintiff, and without his knowledge, will not warrant a finding that the sale was fraudulent.

TWO ACTIONS OF TORT for the conversion of a horse, wagon, and other articles of personal property. The cases were tried together in the Superior Court, before *Blodgett,* J., who allowed a bill of exceptions, in substance as follows :

It appeared that the defendant Drew, who was a constable of the city of Boston, on April 15, 1882, attached the property in question upon a writ in favor of the firm of Wright Brothers and James, the other defendants, and against one Frank J. Dempsey. The plaintiff contended, and offered evidence tending to show, that said property was sold and delivered to him by Dempsey on January 19, 1882. The defendants denied that any such sale was made; and contended that, if made, it was without consideration, and was fraudulent as against Wright Brothers and James, who were then creditors of Dempsey.

Upon the question whether such alleged sale was fraudulent as against creditors, evidence was offered on both sides, and, among other things, the plaintiff testified that after January 19, 1882, he kept the property in a stable hired by him from one William Peard, and paid rent to Peard therefor on March 1, 1882; and, against the defendants' objection, the plaintiff was allowed to testify that, after April 15, 1882, he paid rent to that date, and at the time of such payment took a receipt therefor, which receipt the plaintiff, against the defendants' objection, was permitted to introduce in evidence.

The defendant Drew testified in his own behalf, and as a witness for the other defendants; and, on cross-examination, the plaintiff was allowed to ask, the defendants objecting, what directions he received from the attorney of Wright Brothers and James as to attaching property on the writ against Dempsey, and the witness answered that he was instructed by said attorney to attach the property in suit.

The only evidence upon the question of liability of Wright Brothers and James was, that one of said firm agreed upon appraisers for the purpose of the sale of said horse upon the attachment and the instruction by the attorney as aforesaid, which was admitted against the defendants' objection.

Upon the question of damages, one James Dowd, a wheelwright, was called by the plaintiff, and testified that he built the wagon and sold it to Dempsey early in December, 1881; that he had dealt in wagons and knew their value; and that he did not see the wagon in question after he sold it to Dempsey. He was then, against the defendants' objection, allowed to testify as to the market value of the wagon at the time he sold it to Dempsey.

Dempsey was called as a witness by the plaintiff, and, on cross-examination, denied that he offered the horse for sale after January 19, 1882; and, a witness called by the defendants having testified that Dempsey did so offer the horse for sale, the defendants asked the judge to instruct the jury that such offer by Dempsey was evidence which would warrant them in finding that the alleged sale to the plaintiff was fraudulent. The judge declined to give this instruction, and instructed the jury that an offer by Dempsey to sell the horse as his property after January

19, 1882, unknown to the plaintiff, should be considered by them only as affecting Dempsey's credibility.

The defendants requested the judge to rule that the two actions could not be simultaneously maintained; that there was no evidence of conversion by the firm of Wright Brothers and James, nor by the individuals comprising such firm; and that there was no evidence of conversion by the defendant Drew. The judge declined so to rule, and ruled that both actions might be maintained and prosecuted to final judgment; that there was evidence which would warrant a verdict for the plaintiff in both cases; and that, if the jury found for the plaintiff in both cases, they should assess the damages at the same sum in each case.

The jury returned a verdict for the plaintiff in each case, and assessed damages in the sum of $462.95; and the defendants alleged exceptions.

*E. C. Gilman*, for the defendants.

*J. A. McGeough*, for the plaintiff.

HOLMES, J. 1. In order to prove that the sale to him was valid as against his seller's creditors, the plaintiff was entitled to show that the goods were in his possession before the attachment by the defendants, and, to that end, that the place in which they were kept was hired by him. Having shown that he hired the place before the attachment, it was competent for him to show that he paid rent afterward, in pursuance of his contract; and, although the receipt was not competent evidence of such a payment, *Giles* v. *Wood*, 3 Dane Abr. 409, yet the payment having been testified to directly, giving the receipt was one of the attending circumstances the admission of which, although the evidence was immaterial, does not seem to us sufficient ground for a new trial. *Hosmer* v. *Moseley*, 11 Cush. 211.

2. The evidence of the officer, that he was instructed by the attorney of the other defendants to attach the goods as he did, was admissible, and of itself evidence of a conversion by them. This instruction was not a privileged communication, but an act affecting third persons, and within the scope of the attorney's authority. It therefore was the act of the defendants as well. See *Newberry* v. *Lee*, 3 Hill (N. Y.) 523; *Parsons* v. *Loyd*,

3 Wils. 341, 345; *S. C.* 2 W. Bl. 845; *Barker* v. *Braham*, 3 Wils. 368; *S. C.* 2 W. Bl. 866, 868; *Bates* v. *Pilling*, 6 B. & C. 38; *Byington* v. *Simpson*, 134 Mass. 169, 170.

3. Evidence of the market value of the wagon four months before was not too remote. The jury could make allowances, if any were necessary.

The other exceptions are not pressed, and seem to be waived. Where there is a joint conversion like this, the plaintiff has his election to sue all or some of the tortfeasors jointly; *Mitchell* v. *Tarbutt*, 5 T. R. 649; 1 Wms. Saund. 291, n. 4; 1 Chit. Pl. (7th ed. by Greening) 97; and, at the same time, may maintain another action against one of them separately. *Elliott* v. *Hayden*, 104 Mass. 180.

An offer to sell the property to some one else, made by the plaintiff's vendor after the sale, and without the plaintiff's knowledge, would not have warranted a finding that the sale was fraudulent. *Lincoln* v. *Wilbur*, 125 Mass. 249.

*Exceptions overruled.*