## COMMONWEALTH vs. JAMES TOBIN.

Plymouth.    October 17, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Liquor Nuisance — Evidence.*

On a complaint for keeping a liquor nuisance from October 1, 1891, to March 12, 1892, the defendant contended that the premises which were owned by W. were kept by H., with whom the defendant boarded. The following paper, signed by W., was offered in evidence by the defendant: "Rockland, Jan'y 28, 1892. Received Mrs. Haley, five months rent paid to January 28, 1892." W. at the time of the trial was out of the Commonwealth. *Held*, that the paper was rightly excluded.

COMPLAINT for keeping a liquor nuisance in the town of Rockland, from October 1, 1891, to March 12, 1892. At the trial in the Superior Court, before *Mason*, C. J., there was evidence tending to show that the defendant kept the premises in question during the time covered by the complaint, and that while so kept the premises were used, with his knowledge and consent, for the sale of intoxicating liquor.

The defendant denied that he kept the premises, but contended that they were kept by one Haley, with whom he was only a boarder. The premises were owned by one William Hackett. The following paper, shown to be in the handwriting of Hackett, was offered in evidence by the defendant, and it appeared that at the time of the trial Hackett was out of the Commonwealth:

"Rockland, Jan'y 28, 1892. Received Mrs. Haley, five months rent paid to January 28, 1892. Received payment, William Hackett."

The paper was excluded.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. J. Coughlan*, for the defendant.

*R. O. Harris*, District Attorney, for the Commonwealth.

ALLEN, J. If Hackett had been a party to this case, no doubt his receipt would have been competent evidence against him, as tending to show that he received rent as therein stated; though even then, if it was material to identify the premises for which the rent had been received, further evidence would be needed.

Since Hackett was not a party to the case, his receipt was merely equivalent to a declaration made by him, and it falls within none of the exceptions to the rule excluding hearsay evidence. He was yet living, and therefore the receipt could not be admitted as a declaration against interest made by a person since deceased. Neither he nor Mrs. Haley was called to testify to the payment, and the admission of the receipt could not be urged on the ground that it was a part of the *res gestæ*, accompanying the act of payment. It was not a voucher produced by a guardian or an executor in support of his account, verified by oath, as in *Shearman* v. *Akins*, 4 Pick. 283, 293. As independent evidence standing alone, it was not competent against the Commonwealth. *McAvoy* v. *Wright*, 137 Mass. 207. 1 Greenl. Ev. § 147.

*Exceptions overruled.*