INHABITANTS OF THE COUNTY OF WORCESTER *vs.* SAMUEL J. ASHWORTH & another.

Hampden.    September 28, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Dog — Damage done to Sheep — Liability of Owner to County — Measure of Damages.*

The owner of a dog engaged with other dogs in doing damage to sheep is liable to the county, under Pub. Sts. c. 102, § 106, for all the damages so done, and not alone for that part done by his own dog; and it makes no difference that one of such dogs belonged to the owner of the sheep.

In an action by a county, under Pub. Sts. c. 102, § 106, as qualified by St. 1889,
c. 454, to recover of the owner of a dog for the damage done by the dog to sheep,
the assessment of damages by the county commissioners is not conclusive, but
the defendant is entitled to show that the amount awarded by them is excessive.

TORT, against Samuel J. Ashworth and Esther E. Ashworth,
in two counts, under the Pub. Sts. c. 102, § 106, as qualified by
St. 1889, c. 454, to recover of the defendants, as the keepers
of certain dogs alleged to have been engaged in doing damage
to sheep belonging to Darling Brothers on June 12 and 26, 1891,
the sums of $58 and $35, respectively, which sums had, before
the bringing of the action, been ordered to be paid as damages to
Darling Brothers by the county commissioners of the county of
Worcester.

At the trial in the Superior Court, before *Dewey*, J., without
a jury, it was admitted by the defendants that the several sums
had been ordered by the commissioners to be paid as alleged.

There was evidence tending to show that a dog belonging to
and kept by Darling Brothers, together with three young dogs
belonging to the defendant Samuel J. Ashworth, and claimed
by the plaintiff to have been at that time kept by the defendants,
who were husband and wife, were on June 12, 1891, engaged in
doing the damage alleged by the plaintiff to have been done;
that soon afterwards Darling Brothers' dog was killed; and that
no more sheep were killed after the killing of such dog, although
there was evidence tending to show that Ashworths' dogs were,
on June 26, 1891, seen in the pasture of Darling Brothers wor-
rying and injuring their sheep. The judge ruled that, notwith-
standing the fact that Darling Brothers' dog was engaged in
doing the damage, if the dogs kept by the defendants were
also engaged in doing the damage the plaintiff was entitled to
recover the whole of the sums ordered to be paid to Darling
Brothers by the commissioners; that the amount so ordered to
be paid was the measure of damages; and that the question
of the amount of the damages was fixed by the order, and was
not open to the defendants in this action; and found against the
defendant Samuel J. Ashworth, on both counts of the declara-
tion, in the sum of $101.69, and for the other defendant, Esther
E. Ashworth. The defendant Samuel J. Ashworth alleged
exceptions.

*C. S. Dodge*, for Samuel J. Ashworth.

*G. S. Taft*, for the plaintiff.

KNOWLTON, J.   In Pub. Sts. c. 102, § 106, is the following language: "Every owner or keeper of a dog engaged in doing damage to sheep, lambs, or other domestic animals, shall be liable in an action of tort to the county for all damages so done which the county commissioners thereof have ordered to be paid, as provided in this chapter."

The first question in the case is whether, under this section, an owner of a dog engaged in doing damage is liable for all the damages in the doing of which the dog is engaged, or only for that part done by his own dog.   The natural construction of the language is that "all damages so done" means the damages which the dog was engaged in doing, not that part of the damages which he did alone.   That this is the true meaning becomes certain when we trace the statute back through the earlier enactments.   This section in the Public Statutes is a re-enactment of St. 1867, c. 130, § 12.   Under this section the action is to be brought "against the owner or keeper of any dog concerned in doing damage to sheep, lambs, or other domestic animals in said county, which damage the county commissioners have ordered to be paid, to recover the full amount thereof to the use of said county."   The damage to be recovered is the full amount of that which the dog is "concerned" in doing.   The meaning of this section was not intended to be changed by the enactment of the Public Statutes.   The language used in the similar provisions contained in St. 1864, c. 299, § 11, and in Gen. Sts. c. 88, § 64, is too clear to admit of doubt that the damage to be recovered is the full amount which the dog is concerned in doing, although other dogs are concerned with him in doing it.

Statutes by which each owner of a dog doing damage with others is made liable for the whole have been enacted in Vermont and Connecticut.   Rev. Laws of Vt. § 4051.   Gen. Sts. of Conn. of 1888, § 3760.   *Rowe* v. *Bird*, 48 Vt. 578.   This is after the analogy of joint tortfeasors at common law.   Moreover, there are strong reasons why the Legislature should have created such a liability in cases of this kind.   There is such danger of damage to sheep from dogs, and the difficulty of protecting the

flocks is so great, that it has been thought necessary to adopt stringent measures for this purpose. It is a well known fact that two or more dogs which have a propensity for killing sheep often make their attacks together. The damage which they do results from frightening and scattering sheep, as well as from killing or wounding them. In most cases where two dogs are together it is practically impossible to tell what part of the damage is done by one dog and what by the other. It is therefore quite reasonable to make each owner of a dog which is concerned or engaged in doing the damage liable for the whole amount which his dog was concerned in doing. Although there may be several suits and judgments, as in the case of claims against joint tortfeasors, there can be but one satisfaction. The decision in *Buddington* v. *Shearer*, 20 Pick. 477, was under another statute, to which a different rule is applied.

Under the circumstances of this case the ruling was right that the county was entitled to recover the whole sum, notwithstanding the fact that the dog of the sheep owners was engaged in doing the damage. Upon notice of damage done to sheep, the officer of police of a city, or the chairman of the selectmen of a town, is to determine whether it was done by dogs, and to appraise the amount thereof. St. 1889, c. 454, § 1. It is commonly impossible to determine the ownership of the dog or dogs that did the damage, and the statute contemplates the payment of the damages without waiting for such a determination. St. 1889, c. 454, §§ 1, 2, 5. The most that is required to be done in regard to that is to ascertain that the damage was done " without the enclosure of the owners or keepers of such dogs." This is often a matter of inference from circumstances. The determination of this fact by the proper officers is a sufficient foundation for an order to pay the damages, and it cannot be intended that the payment should be invalidated, or that the right of the county to recover the amount paid from the owner[1] or owners of the dogs should be defeated because it is afterwards ascertained that the decision was erroneous in that particular, and that the damage was done within an enclosure owned by the owner of a dog engaged in doing the damage.

It was not set up in the answer, nor contended at the trial, that the determination of the facts or the order for payment was

made improperly, or without evidence on this point; and we have no occasion to consider the question whether such an order could lawfully be made if it were known to the officer of police or the chairman of the selectmen, or the county commissioners, that a dog of the sheep owner was engaged in doing the damage within his owner's enclosure.

The other question arises on the ruling that the plaintiff could recover the whole sum ordered by the county commissioners to be paid. We understand the ruling to have been that their assessment of damages was final and conclusive, and that the defendant has no right to show that the amount fixed by them was excessive.

We are of opinion that this ruling was erroneous. The liability under the statute is only for the damages " so done," that is, for the damages actually done, as distinguished from those estimated by the officer of police to have been done, and the liability is also limited to the amount ordered by the commissioners to be paid. This seems the most natural construction of the words of the statute; moreover, to hold otherwise would make the statute subject dog owners to deprivation of their property without the right of trial by jury, if not without due process of law. Whether, if the statute were to be so construed, it would be unconstitutional, we need not in this case decide. In New Hampshire, upon very careful consideration, a statute having this construction was decided to be unconstitutional. *East Kingston* v. *Towle*, 48 N. H. 57. See also *Wilton* v. *Weston*, 48 Conn. 325. The Legislature cannot be presumed to have intended to subject persons to a liability in damages without giving them an opportunity of being heard in regard to the amount. Our view is in accordance with the construction put upon a similar statute in *Wilton* v. *Weston, ubi supra.*

*Exceptions sustained.*