Nelson vs. Nugent.

Nelson, Respondent, vs. Nugent, Appellant.

*March 22 — April 6, 1900.*

*Animals: Killing of sheep by dogs: Liability of owner.*

1. The evidence in this case — showing, among other things, that after plaintiff's sheep had been killed by two dogs the tracks of one of them were traced to defendant's house and that the appearance of his dog was incriminating — is *held* sufficient, with the accompanying circumstances, to sustain a verdict that defendant's dog was concerned or engaged in the killing.

2. Under sec. 1620, Stats. 1898 (providing that "the owner or keeper of any dog which shall have . . . killed, wounded or worried any . . . sheep or lambs shall be liable to the . . . owner of such animals for all damages so done," etc.), if dogs of different owners unite in killing or worrying sheep each owner is liable for the whole amount of the damage so done.

Appeal from a judgment of the circuit court for Waukesha county: James J. Dick, Circuit Judge. *Affirmed.*

Nelson vs. Nugent.

This is an action to recover damages for worrying and killing of plaintiff's sheep by the defendant's dog, in company with another dog whose owner is unknown. The issues involved were the identity and ownership of the dogs and the amount of damages done. The jury returned a verdict for plaintiff, and, under the instructions given them by the court, assessed the entire amount of damages against the defendant, notwithstanding the proof showed he owned but one of the dogs. Defendant appeals.

For the appellant the cause was submitted on the brief of *C. H. Van Alstine*, counsel. To the point that where dogs of different owners unite in worrying and killing sheep the wrong is not a joint wrong of the owners, but each owner must be sued separately for the damage done by his own dog, he cited, besides authorities cited in the opinion, *Adams v. Hall*, 2 Vt. 9; *Buddington v. Shearer*, 20 Pick. 477; *Russell v. Tomlinson*, 2 Conn. 206; *Van Steenburg v. Tobias*, 17 Wend. 562; *Auchmuty v. Ham*, 1 Denio, 495; *Denny v. Correll*, 9 Ind. 72; *Cogswell v. Murphy*, 46 Iowa, 44; *Carroll v. Weiler*, 1 Hun, 605; *Dyer v. Hutchins*, 87 Tenn. 198.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

BARDEEN, J. It is unnecessary to discuss the testimony. It establishes beyond question that thirteen of plaintiff's sheep were killed, and others injured. The tracks of one of the dogs were traced to defendant's house. The appearance of the dog was incriminating, and, with the accompanying circumstances, there was evidence sufficient to justify the conclusion arrived at by the jury. We do not feel called upon to disturb it upon either ground suggested by counsel.

This action is based upon sec. 1620, Stats. 1898, which is as follows: "The owner or keeper of any dog which shall have injured or caused the injury of any person or property

or killed, wounded or worried any horses, cattle, sheep or lambs shall be liable to the person so injured and the owner of such animals for all damages so done, without proving notice to the owner or keeper of such dog or knowledge by him that his dog was mischievous or disposed to kill, wound or worry horses, cattle, sheep or lambs." The court charged the jury that " each owner of a dog which is concerned in or engaged in the killing, wounding, and worrying of sheep is liable for the whole amount of damages which his dog was concerned or engaged in doing." This is said to be erroneous, and the rule is asserted to be that when dogs of different owners unite in killing sheep, the wrong is not a joint wrong, but each owner must be sued separately for the damage done by his own dog. Cooley, Torts, 348.

As we read it, the statute has changed the common-law liability of the owners of dogs for injuries done by them. The object of the statute seems to have been to " encourage the raising of sheep and to discourage the raising of dogs." The danger of damage to sheep from dogs, and the difficulty of protecting flocks, is so great that it was deemed necessary to adopt stringent measures for that purpose. It is a well-known fact that dogs which have the propensity of killing sheep often travel in pairs and make their attacks together. It is practically impossible, in most cases, to tell what damage was done by one dog and what by the other. The difficulty of apportioning the damage led the legislature to adopt the language set forth in the statute, making the owner or keeper of a dog doing injury to sheep liable *for all the damage so done.* The circumstance that another dog was engaged in the same act does not lessen the liability, unless we are able to apportion the damage done by each dog. The impossibility of doing so is manifest. It cannot be done unless some arbitrary rule is adopted, as was done in a few of the cases cited by the defendant. *Partenheimer v. Van Order,* 20 Barb. 479; *Powers v. Kindt,* 13 Kan. 74.

In *Wilbur v. Hubbard*, 35 Barb. 303, two dogs killed sheep of the value of $19. The dogs were of unequal size, and, the defendant's being the larger, a verdict for $12 against him was sustained on the ground that the jury had a right to say that the smaller dog did not do as much damage as the larger one.

We must decline to follow the rule laid down by these cases. It is quite contrary to the terms and spirit of the statute. When these things are considered, it is but reasonable to hold that each owner of a dog engaged in doing the damage is liable for the whole amount of damage done. Any other holding would tend to emasculate the statute and deprive the sheep owner of the protection the statute was designed to give. Suppose two dogs, with different owners, together attack and frighten a traveler's horse, and damage ensues; under the rule sought to be invoked, the injured party could recover a fraction of his damages from one owner, to be measured according to the size of his dog, and the remainder from the other. This hardly accords with the true meaning and intent of the statute. The construction given the statute by the trial court, and here approved, finds support in the following cases: *Kerr v. O'Connor*, 63 Pa. St. 341; *Worcester Co. v. Ashworth*, 160 Mass. 186.

*By the Court.*— The judgment of the circuit court is affirmed.