GORDON H. JOHNSON *vs.* LYMAN W. GRISWOLD.

Franklin. September 17, 1901. — October 17, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*Dog,* Statutory liability for injuries by. *Constitutional Law.*

In St. 1889, c. 454, giving damages for sheep killed or injured by dogs, § 1 provides, that when the damages are appraised, the county treasurer shall submit the certificate of damages to the county commissioners, who within thirty days shall examine the bill for damages and make such investigation as they think proper, and issue an order upon the county treasurer for all or any part of the damage. *Held,* that the requirement in regard to the time of the examination is for the benefit of persons claiming damages, and, in the absence of a request by an interested party for an early examination, is only directory, and the failure of the commissioners to act within thirty days does not render their subsequent action in favor of an injured party invalid.

Under St. 1889, c. 454, giving damages for sheep killed or injured by dogs, the return under § 1 of a certificate of damages which contains a slight inaccuracy

as to the ownership of the sheep but complies with the essential requirement of an oath as a preliminary to the appraisal, and which contains enough to identify the proceedings and justify the introduction of oral testimony to correct the error as to the title, does not leave the case as if there were no certificate but satisfies the statutory requirement that a certificate shall be returned.

St. 1889, c. 454, and St. 1894, c. 309, giving damages for sheep killed or injured by dogs, are constitutional.

TORT, under St. 1894, c. 309, by a person appointed by the county commissioners of Franklin County under St. 1889, c. 454, § 5, to investigate cases of damage done by dogs, to recover money paid out of the dog fund by the county treasurer on the order of the county commissioners for damage done to sheep by a dog of the defendant. Writ dated February 12, 1900.

At the trial in the Superior Court, before *Pierce,* J., the jury returned a verdict for the plaintiff in the sum of $190.75; and the defendant alleged exceptions.

*S. S. Taft,* for the defendant.

*S. D. Conant,* for the plaintiff.

KNOWLTON, J. This action is brought under the St. 1889, c. 454, § 5, and St. 1894, c. 309, to recover an amount of money paid by order of the county commissioners for damage done to sheep by the defendant's dog. By St. 1889, c. 454, § 1, such damages are to be appraised under oath, a certificate of the appraisal is to be returned to the treasurer of the county within ten days, the treasurer is to submit the certificate to the county commissioners, and they, within thirty days, are to examine the bill for damages and make such investigation as they think proper, and " issue an order upon the treasurer of the county in which the damage was done for all or any part thereof as justice and equity may require." By other sections of these statutes there are requirements for an appointment by the county commissioners of a suitable person residing in the county to investigate cases of damage done to sheep by dogs, and for the bringing of actions against the owners of such dogs by this person, in his own name, in certain cases.

In the present case proceedings were taken which entitle the plaintiff to recover, according to the terms of the statute, unless two or three objections made by the defendant are well founded. First, the certificate of the appraisal, which was duly returned to the treasurer of the county and was by him submitted to the

county commissioners, was not examined and ordered paid by them until after the expiration of thirty days. This requirement in regard to the time of the examination by the commissioners is for the benefit of persons claiming damage, and it seems to imply that bills will be presented by them. In our opinion, in the absence of a request by an interested party for an early examination, it is only directory, and the failure of the commissioners to act within thirty days does not render their subsequent action in favor of an injured person invalid.

The next objection to the proceeding is that it does not appear that the sheep were properly appraised, or that a proper certificate of appraisal was returned. The certificate makes no express statement in regard to the ownership of the sheep, but deals with damage " inflicted by dogs on the premises of Mrs. C. E. Adams and daughters and within said town of Greenfield." The certificate of the magistrate shows that the appraisers made oath to appraise the damage done by dogs " to sheep belonging to Charlotte E. Adams and daughters," and inferentially represents the sheep to be the property of Charlotte E. Adams and daughters. By the statute this certificate is made the foundation of proceedings before the commissioners, in which they " may summon the appraisers and all parties interested and make such examination as they may think proper." The statute nowhere provides that the certificate shall be the only evidence of the facts, or that an error in it, however slight, shall be fatal to the proceedings.

The defendant invokes the principle that a statutory liability cannot be enforced unless the statute is strictly complied with. This is true so far as it relates to matters made essential by the statute. It is essential under this statute that the damage to be recovered shall be appraised under oath. The bill of exceptions makes the identity of the damages appraised and those to which the oath relates free from doubt. The certificate indicates that at the time of the administration of the oath and at the time of the appraisal, although the name of but one person is given as owner, it was supposed by the appraisers that Mrs. Adams' unnamed daughters had some interest with her in the sheep. On the examination before the county commissioners, it appeared that there was a mistake in this particular, and that

she was the sole owner of the property. The bill of exceptions does not show that any of the preliminary or accompanying proceedings were irregular or incorrect. It is to be assumed that Mrs. Adams did everything that was necessary to protect her rights. The principal object of the appraisal was not the determination of the title, but the determination of the damage. It being proved that the damage which the appraisers were sworn to appraise was the damage to sheep of which it afterwards appeared that Mrs. Adams was the sole owner, the essential requirement of an oath as a preliminary to the appraisal is complied with. The return of a certificate which is only slightly inaccurate is a compliance with the other essential requirement that a certificate shall be returned. We are of opinion that the slight inaccuracy in regard to the title, when there was a substantial compliance with the statute according to the purpose of its authors, does not leave the case as if there were no certificate. The certificate contained enough to identify the proceeding, and to justify the introduction of oral testimony to correct the error as to the title.

The statutes are constitutional. No questions arise under this branch of the case beyond those that have been considered and passed upon in former decisions. *Blair* v. *Forehand,* 100 Mass. 136. *Worcester County* v. *Ashworth,* 160 Mass. 186.

*Exceptions overruled.*