HENRY A. COREY vs. LUD C. HAVENER.

SAME vs. A. L. ADAMS.

Worcester.    October 1, 1902. — October 31, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Joint Tortfeasors.    Damages.*

The two defendants, each mounted on a motor tricycle with a gasoline engine making a loud noise and emitting steam, came up behind the plaintiff who was driving slowly in a wagon and passed him at a high rate of speed, one on each side, causing his horse to shy so that his wagon wheel struck another wagon and the plaintiff and his wagon were injured.   He brought a separate action against each defendant, and obtained a verdict against each.   *Held,* that, both of the defendants having been found to be wrongdoers, it made no difference that there was no concert between them or that it was impossible to determine what portion of the injury was caused by each, that if each contributed to the injury both were bound and that whether each contributed was a question for the jury.

If two wrongdoers contribute to an injury they may be sued either jointly or severally, and in the latter case the plaintiff is entitled to judgment against each defendant for the full amount, although it can be satisfied but once.

TWO ACTIONS OF TORT by the same plaintiff against different defendants for injuries to the plaintiff and to his wagon caused by the alleged negligence of both defendants each operating a separate gasoline motor tricycle at an illegal and dangerous rate of speed and frightening the plaintiff's horse.   Writs dated December 22, 1900.

In the Superior Court the two cases were tried together before *Pierce,* J.   It appeared, that the plaintiff, who was very deaf and could only hear by the use of an ear trumpet, was driving slowly in a wagon along Shrewsbury Street, a public street and main thoroughfare in Worcester; that the defendants came up from behind and passed the plaintiff at a high rate of speed one on each side; that each defendant was mounted on a motor tricycle with a gasoline engine making a loud noise and emitting steam, some of the plaintiff's witnesses saying that the machines emitted steam and smoke making a cloud about the defendants as they rode.

The plaintiff testified that his horse took fright when the defendants first passed but was under control and guidance until

he overtook the defendants, and that running between them the horse shied and he then lost control. His wagon wheel struck another wagon going in the same direction, and the injuries to himself and his wagon occurred.

The plaintiff and each of his witnesses was asked on cross-examination if he could tell which defendant or which vehicle caused the horse to take fright, and each witness was unable to tell.

The defendants requested the judge to instruct the jury, that the evidence showing that they were on two separate vehicles entirely independent of each other, and there being two different suits for the same injury, the burden was on the plaintiff to show which one of the defendants, if either, was to blame; and that, if it was not clearly shown which one of the defendants caused the accident, the plaintiff could not recover.

The defendants also requested the judge to instruct the jury, that there being two defendants and two separate suits, and the cause of action against each being for the same injury, if the jury found for the plaintiff they must assess the full damages and determine against which defendant, and that they could not assess full damages against both, as that would be giving double damages.

The judge refused to give either of these instructions. The jury found for the plaintiff in each case and in each case assessed the damages in the sum of $700. The defendants alleged exceptions.

*G. A. Perkins*, for the defendants.

*A. P. Rugg & H. H. Thayer*, for the plaintiff.

LATHROP, J. The only question which arises in these cases is whether the judge erred in refusing to give the instructions requested. The bill of exceptions does not set forth what instructions were given, and we must assume that they were appropriate to the case as presented by the evidence, and were correct.

The verdict of the jury has established the fact that both of the defendants were wrongdoers. It makes no difference that there was no concert between them, or that it is impossible to determine what portion of the injury was caused by each. If each contributed to the injury, that is enough to bind both.

Whether each contributed was a question for the jury. *Boston & Albany Railroad* v. *Shanly*, 107 Mass. 568, 578, and cases cited.

It makes no difference that the defendants were sued severally and not jointly. If two or more wrongdoers contribute to the injury, they may be sued either jointly or severally. *McAvoy* v. *Wright*, 137 Mass. 207. The first request for instructions was therefore rightly refused.

Nor was there any error in refusing to give the second request. If both defendants contributed to the accident, the jury could not single out one as the person to blame. There being two actions, the plaintiff was entitled to judgment against each for the full amount. There is no injustice in this, for a satisfaction of one judgment is all that the plaintiff is entitled to. *Elliott* v. *Hayden*, 104 Mass. 180. *Savage* v. *Stevens*, 128 Mass. 254. *Luce* v. *Dexter*, 135 Mass. 23, 26. *McAvoy* v. *Wright*, 137 Mass. 207. *Galvin* v. *Parker*, 154 Mass. 346. *Worcester County* v. *Ashworth*, 160 Mass. 186, 189.

*Exceptions overruled.*