Kehl v. Abram.

## Charles H. Kehl v. William J. Abram.

### Gen. No. 11,148.

1. VERDICT—*when, not disturbed.* A verdict based upon conflicting evidence which is not clearly and manifestly wrong will not be set aside by the Appellate Court, in the absence of a showing that the jury was prejudiced.

2. FALSE REPRESENTATIONS—*when proof of repetition of, charged in the declaration, need not be made.* Notwithstanding the declaration may allege the repetition of the alleged false representations, yet such repetition need not be established by proof where the original false representations have been sufficiently shown.

3. FALSE REPRESENTATIONS—*when proof of allegations of, is sufficient.* It is not essential to recover in an action of deceit to prove each and every allegation of false representations; it is enough if sufficient of such representations are established to show a right of action.

4. FALSE REPRESENTATIONS—*what are, of matters of fact.* A statement to the effect that a trust deed is a first mortgage, if false, constitutes a false representation of a matter of fact, as distinguished from a matter of law.

5. INSTRUCTION—*when, properly refused.* An instruction which is unintelligible in its language and not based upon the evidence is properly refused.

6. INSTRUCTION—*abstract propositions of law.* An instruction which

contains a correct abstract proposition of law not applied concretely to the case in which it is offered, may be refused without the commission of error.

7. INSTRUCTIONS—*when rulings upon, presumed correct*. When neither the abstract nor the record shows that the instructions contained therein were all the instructions given by the court, the presumption will be indulged that the court gave other instructions fully covering the substance of those refused.

8. DECEIT—*what declaration in action for, need not allege*. In an action on the case for deceit it is not necessary to allege an excuse for failure to investigate the truth of the matters alleged to have been falsely represented.

Action on the case for deceit. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed February 8, 1904.

MARTIN & MARTIN, for appellant; NEWTON WYETH, of counsel.

FRANK L. HUME, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought an action on the case for deceit, against appellant, and by his declaration, among other things, charged the latter with falsely and fraudulently representing to appellee that a certain note of $2,000, described in the declaration, and secured by a certain trust deed on real estate, also described, was a valid and first lien upon said real estate, and that there were no other trust deeds or mortgages upon said premises prior to or ahead of the lien of said trust deed. The general issue was pleaded and a trial had before the court and a jury, which resulted in a verdict and judgment thereon for $3,200, which is sought to be reversed by this appeal.

It is claimed that the verdict is against the clear weight of the evidence, and that the jury was actuated by prejudice in rendering it. Nothing is pointed out in the record, and we have been unable to discover anything, which indicates any prejudice on the part of the jury. The evidence is strongly conflicting, and a verdict in favor of the defend-

ant could not be said to be clearly and manifestly wrong, in view of this conflict; but a full consideration of it, in the light of the arguments, convinces us that it is not so clearly against the weight of the evidence as would justify us in awarding another trial. The jury and court saw the witnesses, heard their testimony, and would necessarily be in a better position to judge of their credibility than we are. We cannot say the evidence does not sustain the verdict and judgment.

It is alleged in the declaration that the defendant repeated to the plaintiff on October 18, 1893, said fraudulent representations for the purpose of inducing plaintiff to agree to an extension of the time of payment of said note until October 15, 1896, and that the plaintiff, relying on said representations, and in ignorance of their falsity, did extend the time of payment of the note for two years. It is claimed that because there is no sufficient evidence to sustain this allegation, the plaintiff's case therefore fails. If it be conceded that there was no sufficient evidence to sustain this allegation, which it is unnecessary for us to decide, and we do not decide, still the allegations of the declaration of the original false and fraudulent representations are sufficient to support the judgment, which is sustained by the evidence, and it is wholly immaterial whether this allegation as to the repetition thereof is supported by the evidence or not. It is also claimed that because the declaration alleges that the defendant represented that there were no other trust deeds or mortgages upon said premises prior to or ahead of the lien of the trust deed securing the $2,000 note, and there is no sufficient evidence to prove this specific allegation, that plaintiff cannot recover. The same is true with regard to this allegation as with the allegation regarding the repetition of the original false and fraudulent representations. In this connection, also, it is argued that as the substance of the plaintiff's evidence is that the trust deed securing the $2,000 note was represented by the defendant to be a first mortgage and a good security, there could be no recovery for the reason,

as it is said, that a representation that the trust deed was a
first mortgage is not a statement of fact, but a conclusion
and opinion, which is not fraudulent in law.   In support of
this contention, counsel for appellant rely especially upon
the cases of Drake v. Latham, 50 Ill. 270; Ward v. Luneen,
25 Ill. App. 160–4; and Andrus v. St. Louis Smelting Co.,
130 U. S. 643.   We have examined each of these cases, and
are of opinion that they have no application to the case at
bar.   It is true that they hold in effect that statements
with regard to the title of real property, in order to be
actionable, must be statements of matters of fact, but
neither of the cases go to the extent of holding that any
similar representations to the ones here in question were
not representations as to matters of fact.   In Dodge v.
Pope, 93 Ind. 480–5, the court held that where appellant
represented to appellee that a certain note was secured by a
first mortgage, and acting on this representation, appellee
bought the note in ignorance of the existence of a prior
mortgage, a judgment based upon this representation should
be affirmed.   To a like effect in principle are Bristol v.
Braidwood, 28 Mich. 191; Linn v. Green, 17 Fed. Rep. 407;
Ward v. Winan, 17 Wend. 192.

Seven different instructions requested by appellant were
refused, and we think properly so.   The first of these in-
structions is in its language unintelligible, and in so far as
it refers to expressions of opinion as to value, is misleading,
because not based upon the evidence.   The 2nd and 8th
refused instructions state mere abstract propositions of law,
of which no application is made to the case at bar, and it
was not error for the court to refuse them.   They are also,
in substance, covered by instruction No. 2, given for the
plaintiff, which, likewise, in substance, covers appellant's
refused instructions Nos. 3, 4, 6 and 7.   Moreover, neither
the abstract nor record shows that the instructions given
by the court were all the instructions that were given.
For aught that appears, the court may have given other
instructions fully covering the ones that were refused.   In
the absence of such showing, the ruling of the court in re-

fusing the instructions in question will be presumed to be correct.

The further and final claim is that the court should have arrested the judgment because the declaration contains no averment excusing the want of investigation on the part of the plaintiff, it being claimed that the plaintiff, by a mere examination of the public records, could have ascertained whether or not the trust deed in question was a first mortgage or lien. The allegation was not a necessary one, and there was; therefore, no error in overruling the motion in arrest. The declaration alleges that the representations were not only false and fraudulent, but " were known to the defendant to be false and were made for the fraudulent purpose of inducing the plaintiff to purchase said trust deed and note." In Antle v. Sexton, 137 Ill. 410–13, the court say : " Where a misrepresentation is made as to a material fact, and such misrepresentation is made knowingly, and for the express purpose of deceiving and defrauding, and the injured party relies upon the statement made, and under circumstances which would induce a reasonably prudent man to so rely, there must be a right of action at law for fraud and deceit. To throw a purchaser out of court in such a case, upon the plea he did not avail himself of the means of knowledge open to him, would be offering a premium on fraud, and would be destructive of confidence in business transactions." Citing cases. See also to like effect in principle, Linington v. Strong, 111 Ill. 162, and the cases of Dodge v. Pope, Bristol v. Braidwood, and Linn v. Green, *supra.* In the Dodge case it was expressly held that a plaintiff in such case is not bound to examine the records.

The record fails, in our opinion, to disclose any cause justifying a reversal of the judgment, and it is, therefore, affirmed.

*Affirmed.*