VANCE, RESPONDENT, *v.* McGINLEY, APPELLANT.

(No. 2,649.)

(Submitted April 9, 1909. Decided April 24, 1909.)

[101 Pac. 247.]

*Associations—Actions—Parties—Erroneous Judgment.*

Associations—Actions Against, in President's Name.
    1. A voluntary association of laborers cannot, in the absence of statute authorizing it, be sued in the name of its president.
Same—Judgment—Error.
    2. *Held,* that a judgment against defendant personally, who was sued as president of a labor organization by a member of it to recover certain pecuniary benefits which he alleged he was entitled to from the association, was not supported by the complaint which neither stated a cause of action against him individually nor in his official capacity.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by J. S. Vance against Hugh McGinley, as president of the International Building Laborers' Protective Union of America No. 1, of Butte City, Montana, a voluntary labor association. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with direction to dismiss the action.

*Messrs. Mackel & Meyer,* for Appellant.

*Mr. Jos. J. McCaffery,* and *Mr. E. E. Kinerk,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court of Silver Bow county by J. S. Vance against "Hugh McGinley, as President of the International Building Laborers' Protective Union of America No. 1, of Butte City, Montana, a Labor Association, Defendant." The complaint alleges that, at the time of the filing of the complaint, Hugh McGinley was the president of the union, which is a voluntary association of building laborers; that the plaintiff became a member of the association in October, 1906, and ever since that time has been a member in good standing. It is then alleged that by a certain by-law of the association it is provided that "any member in good standing in this union who is injured while at work shall be entitled to his expenses." It is then alleged that while working upon a certain building in Butte during the month of November, 1906, the plaintiff was seriously injured, and by reason thereof incapacitated from performing work; that his necessary expenses incurred during the time he was so incapacitated amounted to $295.25; that he presented to the association an itemized account of such expenses, but the association refused to pay the amount or any portion thereof, except the sum of $25. The prayer is for judgment against the defendant for $270.25 and costs of

suit. To this complaint there was filed an answer as follows: "Comes now the defendant above named, and for answer to the complaint of plaintiff on file herein says: That he denies each and every allegation in said complaint contained. Wherefore defendant prays judgment against the plaintiff for his costs herein." Upon a trial by the court sitting with a jury, a verdict was returned as follows: "We, the jury in the above-entitled cause, find for the plaintiff the sum of 250.25 dollars." Upon this verdict there was entered a judgment, which, after reciting the proceedings, follows: "Wherefore, by reason of the law, and by reason of the premises aforesaid, it is ordered, and adjudged, and decreed that said plaintiff have and recover from the said defendant the sum of two hundred and fifty 25/100 dollars and costs and disbursements incurred by plaintiff in this action." From the judgment the defendant appeals.

The notice of appeal is directed to the attorneys for plaintiff, and recites that the above-named defendant appeals from the judgment made and entered in favor of the plaintiff and against the defendant. The record on appeal contains only the complaint, answer, instructions, verdict, judgment, notice of appeal, and certificate of the clerk. It is now urged in this court that the complaint does not state facts sufficient to constitute a cause of action against Hugh McGinley individually, or against him as president of the association, and that the complaint will not support the judgment. Counsel for respondent in their brief refer to many matters which are not contained in the record. These we cannot consider. There is not anything in this record to indicate that the association appeared or took part in the proceedings, or that any member of the association was a witness upon the trial. We are bound by the record as it is before us. Counsel for respondent concede that the complaint does not state a cause of action against Hugh McGinley individually, and it certainly does not state a cause of action against him as president of the association. It does not charge that McGinley has done any wrongful act in his capacity as president of the association, or that he has failed to do anything which as president

he ought to have done.  In fact, it is not alleged that he was a member of the association at the time the plaintiff was injured, or in fact that he has ever been, or is now, a member.  It might be inferred from the allegation that he is president, that he is a member.  Apparently the action was commenced and prosecuted upon the theory that by suing McGinley as president of the association, the association itself was sued.  At common law such an association could not be sued in its common name, as it did not have any legal entity distinct from that of its members, and therefore all the members had to be made parties to bind the association or its funds.  (4 Cyc. 312, 313; 22 Ency. of Pl. & Pr. 242.)  Of course, it is elementary that to bind the funds of any individual member of the association such member would have to be made a party to the proceeding.  In order, then, to sue an association of this character and not make all the members defendants, we must find some direct statutory authority for such proceeding.  Statutes have been enacted in many of our states modifying the common-law rule.  In New York, for instance, such an association may be sued in the name of the president or treasurer.  (Bliss' New York Annotated Code Civ. Proc. 1902, sec. 1919.)  In this state such an association may be sued in the common name (Revised Codes, sec. 6497); but nowhere in our Code is there authority for suing such an association in the name of its president, and, in the absence of a statute authorizing it, a suit cannot be prosecuted in that manner.  We need not consider whether an association of this character can be sued by making some of the members, less than all, parties defendant, for the judgment does not purport to be a judgment against the association.  It is a judgment against the defendant named; and, since the complaint does not state a cause of action against McGinley personally, or against him as president of the association, it does not support the judgment.

The judgment is reversed and the cause is remanded, with directions to dismiss the action.

                                      *Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.