[No. 8176. Department Two. February 1, 1910.]

## C. E. DIBBLE, *Plaintiff*, v. WASHINGTON FOOD COMPANY et al., *Respondents*, G. A. CARVER et al., *Appellants*.[1]

RECEIVERS — SALES — VACATION — LIMITATIONS — LACHES. A sale made by a receiver to his business associate, confirmed by the court, will not be vacated for fraud and inadequacy of price, where it appears from the petition that the applicants knew of the business relationship of the purchaser and the inadequacy of price at the time of the sale and confirmation, and did not file their petition within one year as required by Rem. & Bal. Code, § 466, but waited several years until sued for unpaid stock subscriptions.

Appeal from an order of the superior court for King county, Morris, J., entered February 16, 1909, dismissing an application to vacate a receiver's sale, upon sustaining demurrers to the petition. Affirmed.

*Charles R. Crouch*, for appellants.

*H. R. Clise* (*Geo. H. King*, of counsel), for respondent Cox.

*J. P. Wall*, for respondent Mackie *et al.*

CROW, J.—In this action one E. B. Cox was appointed receiver of Washington Food Company, a corporation, and thereafter sold its real estate to one A. W. Mackie. The sale was finally confirmed in May, 1905, but its proceeds being insufficient to satisfy the claims of creditors, actions were prosecuted by the receiver against stockholders of the corporation for unpaid subscriptions. In January, 1909, G. A. Carver and ten other stockholders filed their petition to vacate the sale and order of confirmation. To this petition the receiver and A. W. Mackie interposed demurrers, which were sustained, and the stockholders have appealed from an order of dismissal.

Matters outside of the record will not be considered, although discussed in the briefs. The only question before us

[1]Reported in 106 Pac. 760.

is the sufficiency of the petition. It in substance alleged that E. B. Cox and A. W. Mackie were delegated by the stockholders to appear in this action and resist the receivership, but that they so represented matters to the court that Cox was appointed receiver; that shortly thereafter the real estate was ordered sold at private sale; that Cox received a written bid of $9,000 from Mackie, upon which the sale was made, reported, and confirmed; that the property was worth one hundred per cent more than the price bid; that the receiver and Cox, who were close business associates, conspired to effect the sale for an inadequate price, and that the petitioners had no knowledge of any of such fraudulent acts although they did know of the sale when made.

A statement of the allegations of the petition discloses its insufficiency. Appellants seem to predicate their claim for relief upon fraudulent conspiracy and inadequate price. No fraud can now be inferred or presumed from the mere fact that Cox and Mackie were business associates in some other enterprise, nor from the fact that at the commencement of this action they failed to avoid the appointment of a receiver. If the property actually sold for an inadequate price, the appellants have known that fact for a number of years. The order of confirmation finally adjudicated the rights of the interested parties. We infer that the appellants are now attempting to proceed by petition under Rem. & Bal. Code, § 464, but § 466 requires them to do so within one year. If they are not proceeding under § 464, then they are seeking the vacation of the sale for fraud not discovered by them until about the time they filed the petition. It, however, affirmatively shows that they had actual knowledge of the sale, the alleged inadequate price, and the business relationship of Cox and Mackie. If it is their contention that these circumstances constitute fraud, they were known to appellants at all times after their occurrence. If they do not constitute fraud, none has been pleaded. The petition indicates that the appellants

had no thought of attacking the sale until after they discovered they would be held liable for their unpaid stock subscriptions. They now attempt to have the sale vacated without explaining their long continued delay. In *Twin-Lick Oil Co. v. Marbury*, 91 U. S. 587, 591, Miller, J., speaking of judicial sales, said:

"The doctrine is well settled, that the option to avoid such a sale must be exercised within a *reasonable* time. This has never been held to be any determined number of days or years as applied to every case, like the statute of limitations, but must be decided in each case upon all the elements of it which affect that question. These are generally the presence or absence of the parties at the place of the transaction, their knowledge or ignorance of the sale and of the facts which render it voidable, the permanent or fluctuating character of the subject-matter of the transaction as affecting its value, and the actual rise or fall of the property in value during the period within which this option might have been exercised."

Appellants make no attempt to explain their long continued delay. They fail to show fraud. Their petition is devoid of merit. The demurrers were properly sustained, and the judgment is affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and MOUNT, JJ., concur.