[Civil No. 3186.  Filed June 20, 1932.]

[12 Pac. (2d) 283.]

EARL D. McGINTY, Appellant, v. GEORGIA MAY BASS, Appellee.

Messrs. Cunningham, Carson & Gibbons, for Appellant.

Mr. Fred C. Bolen, for Appellee.

LOCKWOOD, J.—Georgia May Bass, hereinafter called plaintiff, brought suit against Earl McGinty, hereinafter called defendant, under the provisions of chapter 9, Revised Code of 1928 (section 273 et seq.), for the purpose of establishing the paternity of a child of plaintiff's which she claimed defendant was the father of. The case was tried to a jury which returned a verdict in favor of plaintiff, and, after the usual motion for new trial had been overruled, this appeal was taken.

A reporter's transcript was filed herein, but the same was stricken by this court on motion of plaintiff, and we therefore must consider the appeal on the remainder of the record alone. In so doing, there are certain general principles of law which we must follow. We cannot in aid of the record consider admissions or statements of counsel made in the brief. *Millsap* v. *Balfour,* 154 Cal. 303, 97 Pac. 668; *Street* v. *Sederburg,* 41 Colo. 128, 92 Pac. 29; *Vance* v. *McGinley,* 39 Mont. 46, 101 Pac. 247; *Dibble* v. *Washington Food Co.,* 57 Wash. 176, 106 Pac. 760.

We must further assume that the instructions given were appropriate to the case, as presented by the evidence, where the entire evidence does not appear in the record. *Shaffer* v. *Territory,* 14 Ariz. 329, 127 Pac. 746; *Harris* v. *Barnhart,* 97 Cal. 546, 32 Pac. 589; *Corey* v. *Havener,* 182 Mass. 250, 65 N. E. 69.

And, where the record does not contain all of the instructions given by the trial court, we must presume that the substance of refused requested instructions which correctly stated the law was contained in other instructions that were given. *Carpenter* v. *Sibley,* 15 Cal. App. 589, 119 Pac. 391; *Slaughter* v. *Strouse,* 20

Colo. App. 484, 79 Pac. 972; *Union Mutual Life Ins. Co.* v. *Payne,* (C. C. A.) 105 Fed. 172; *Evans-Snyder-Buell Co.* v. *Turner,* 143 Mo. 638, 45 S. W. 654.

The same presumption applies when the record does not show affirmatively that the instructions contained therein are all the instructions given by the court. *Gumaer* v. *White Pine Lumber Co.,* 11 Idaho 591, 83 Pac. 771; *Kehl* v. *Abram,* 112 Ill. App. 77; Id., 210 Ill. 218, 102 Am. St. Rep. 158, 71 N. E. 347; *Columbia Mfg. Co.* v. *Hastings,* (C. C. A.) 121 Fed. 328.

The only thing in the record bearing on the instructions is a copy of those requested in writing by plaintiff and defendant under the provisions of section 3810, Revised Code of 1928, and marked by the trial judge. These are without exception marked as refused.

We must presume that the court complied with the law requiring it to instruct the jury in accordance with the provisions of section 3809, Revised Code of 1928. Such instructions may be oral, unless a special request is made by one of the parties that they be written out and signed and filed by the judge. It does not appear from the record that any such request was made, so that the presumption is that they were made orally and taken down by the court reporter under the provisions of section 3709, Revised Code of 1928, and appeared only in the reporter's transcript which has been stricken.

We have therefore no evidence before us, none of the instructions which were given, and nothing in the record from which we can determine what the evidence and the instructions upon which the verdict was returned are.

There are five assignments of error, and an examination of these assignments shows that it is impossible for us to determine whether or not they were well taken, in the absence of the evidence and the instruc-

·tions given. Such being the case, the judgment of the trial court is necessarily affirmed, and it is so ordered.

McALISTER, C. J., and ROSS, J., concur.