[Civil No. 325.   Filed November 18, 1892.]

[31 Pac. 519.]

T. J. BRYAN, Plaintiff and Appellant, v. GEORGE T. BRASIUS et al., Defendants and Appellees.

1. JUDGMENTS—IDENTITY OF NAMES OF PARTIES—PRESUMPTION IN FAVOR OF REGULARITY OVERCOMES PRESUMPTION OF IDENTITY OF PERSON ARISING FROM IDENTITY OF NAME.—The presumption in favor of the regularity and validity of the proceedings of a court of general jurisdiction is sufficiently strong to overcome the presumption of identity of person, arising from identity of name in a judgment or decree, where the same is offered in evidence.

2. SAME—COLLATERAL ATTACK—ADMISSION OF INVALIDITY.—In an action seeking to eject parties holding under judgment of foreclosure,
Arizona 3—28

it is competent for the parties to admit that the plaintiff and defendant in the foreclosure proceedings were one and the same party.

3. SAME—FORECLOSURE—IDENTITY OF PERSONS—PURCHASERS NOT CHARGEABLE WITH NOTICE FROM IDENTITY OF NAME—PRESUMPTIONS.—Where purchasers under judgment of foreclosure have no actual knowledge or notice that the plaintiff and defendant in the foreclosure proceedings were one and the same party, they are not chargeable with notice of the identity of person as there is no presumption of identity of person from identity of name, where a judgment of a court of general jurisdiction shows the same name as plaintiff and defendant.

4. SAME—ESTOPPEL OF RECORD—ADVERSE PARTIES—PARTY SUING HIMSELF AS ADMINISTRATOR—JUDGMENT INVALID.—For a judgment to operate as an estoppel there must be adverse parties. A man in his individual capacity, suing himself as administrator, does not obtain a judgment which he can set up as an estoppel, nor can he take title under such judgment.

SLOAN, J., dissenting, upon the ground that under the facts the judgment in *Kales* v. *Kales, Admr.*, constituted an estoppel of record.

5. EJECTMENT—RIGHT OF POSSESSION BASIS—MORTGAGES—MORTGAGEE IN POSSESSION—PURCHASERS UNDER INVALID JUDGMENT—PAYMENT OF DEBT CONDITION OF RECOVERY.—The action of ejectment is based on the right of possession. When it appears that plaintiff's testator mortgaged the premises to one Kales, who in his individual capacity sued himself as administrator of the mortgagor and bought the land under order of sale made under the decree of the court therein, the grantees of Kales, being in possession will be subrogated to Kales' rights under the mortgage and be held mortgagees in possession, and entitled to remain in possession till the debt and requirements of equity are fully met.

6. SAME—MORTGAGOR AGAINST MORTGAGEES IN POSSESSION—LIMITATION OF ACTIONS—BAR DOES NOT AFFECT PAYMENT OF DEBT AS CONDITION OF RECOVERY.—In an action of ejectment against mortgagees in possession the plea that the debt secured by the mortgage is barred by the statute of limitations will not avoid the necessity of paying the debt as a condition to the recovery of possession.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

Goodrich & Street, for Appellant.[1]

---

[1] For briefs. see *Bryan* v. *Pinney, ante,* pp. 413-418.

Clark Churchill, for Appellees.[1]

GOODING, C. J.—This is an action of ejectment brought by appellant, as plaintiff in the court below, against appellees, to recover possession of the northeast quarter of section 5, township 1 north, range 3 east, Gila and Salt River meridian. The answer was "Not guilty" and facts in estoppel hereafter set out. In stating the case, I shall endeavor to set out briefly all the facts necessary to fairly present the issues of law and fact. The real estate in question was the property of one J. M. Bryan in his lifetime. At his death he left his widow, Vina Bryan, his sole heir, to whom the real estate descended and belonged, if not diverted by the proceedings hereinafter mentioned. Vina Bryan subsequently became Vina Brown by marriage. The property was community property. After the death of J. M. Bryan, M. W. Kales became the administrator of the estate. While administrator, M. W. Kales brought an action on a note and mortgage to secure the same, executed by J. M. Bryan, against M. W. Kales, as administrator of the estate of J. M. Bryan, deceased, to foreclose the said mortgage. The note was for twenty-five hundred dollars, and the mortgage was on the property above described. A decree was entered in said action in the district court, and in pursuance thereof the said property was sold, the plaintiff being the purchaser. Vina Bryan was not a party to this action nor to the note or mortgage, nor was there any other defendant save M. W. Kales. In short, M. W. Kales in his individual capacity brought the suit against himself in his capacity as administrator of the estate of J. M. Bryan, deceased; had summons issued and served upon himself; appeared to the action, and admitted the complaint; got an order of sale, and became the purchaser, paying to the estate the full value of the property, and the estate received the full benefit thereof. Said Kales received a certificate of purchase. He subsequently sold the certificate to one J. T. Sims, who afterwards received a sheriff's deed, and went into possession, and paid taxes and made lasting and valuable improvements. Sims subsequently sold the same to Brasius for a much larger sum than Kales or Sims had paid. Brasius was in possession at the time this action was commenced. Sims did not know that

---

[1] For briefs, see *Bryan* v. *Pinney, ante,* pp. 413-418.

Kales plaintiff in the foreclosure proceedings and Kales administrator defendant were one and the same person, unless that knowledge or notice was imparted by the record showing identity of name of plaintiff and defendant, nor did Brasius have any more knowledge or notice of that fact than the record so imparted. That such was the fact, however,—that is, that Kales plaintiff and Kales defendant were one and the same person,—is admitted in the statement of facts in this case. This action of foreclosure, above mentioned, was in the district court in and for Maricopa County. The premises in question were never sold or distributed by any probate court proceedings. Long before the commencement of this action the estate of J. M. Bryan had been fully administered, and the administrator discharged. After said discharge Vina Bryan, then Vina Brown, for one dollar, granted, conveyed, remised, released, and forever quitclaimed the land in controversy to plaintiff, appellant.

It is claimed on the part of the appellant that the proceedings and decree in the foreclosure were void, and the sale thereunder, because Kales was both plaintiff and defendant; and a large number of cases are cited to sustain that contention. These cases when examined are not, I think, in point. They express the proposition that a man cannot sue himself. Other cases are cited to the effect that identity of name is evidence of identity of person. Coupling these two propositions, it is argued that the decree in the case *Kales* v. *Kales* is void, and all proceedings thereunder; but there is no case cited wherein, on the face of the pleadings and decree, the court has held in a collateral proceeding the judgment or decree to be void, because of the identity of name of the plaintiff and defendant. That identity of name is *prima facie* evidence of identity of person is abundantly established by the cases cited; but the cases do not involve the judgment or decree of a court of general jurisdiction, where the same is offered in evidence in a collateral proceeding. They are cases where the rule may well be applied. They are cases where the name of a grantee subsequently appears as a grantor in a chain of title and like cases. In such cases clearly the rule may well be applied, that identity of name is *prima facie* evidence of identity of person. They are not cases where the parties occupy adverse

relations, and where the proceedings have passed to judgment. The presumption of the regularity and validity of the proceedings of courts of general jurisdiction is sufficiently strong, in my opinion, to overcome the presumption of identity of person, arising from identity of name in a judgment or decree where the same is offered in evidence. But in this case it is admitted (in the statement of facts) that Kales plaintiff and Kales defendant were one and the same person. This I think an admission that it was competent for the parties to make, and must therefore bind them in this case, for whatever force and effect it may have. Whether this fact could have been proved by parol, if objection had been made, does not arise in this case, as the fact was admitted, as appears by the statement of facts.

With this admission in the record, the question arises, what effect does it have on the rights of Brasius, as a purchaser through Kales and Sims? It is also in the statement of facts that neither Sims nor Brasius had any knowledge or notice of the fact that Kales plaintiff and Kales defendant were one and the same person, unless the record imparted such notice or knowledge. As there is no presumption of identity of person from identity of name, where a judgment or decree of a court of general jurisdiction shows the same name as plaintiff and defendant, I think neither Sims nor Brasius chargeable with notice of the identity of person. In other words, they are innocent purchasers, so far as purchasers at a judicial sale can be. But does that give them title as against Vina Brown's grantee? If the decree itself was void, or if it was such a decree that it could not operate as an estoppel as against the sole heir of Vina Brown, what right or title did Sims or Brasius get as against the grantee of Vina Brown? That Kales could not himself have claimed title to the property by virtue of the foreclosure proceedings alone, as against Vina Brown, I think is quite clear, unless I should hold that a man can in his individual capacity sue himself in his representative capacity as administrator, and obtain a decree that would bind and estop the heirs. For a judgment or decree to operate as an estoppel I think there must be adverse parties, and that a man in his individual capacity, suing himself as administrator, does not obtain a judgment or

decree that he can set up as an estoppel against any one, nor can he take title under such a judgment or decree. They may be facts *in pais* that would operate in connection with such proceedings to protect his possession, and perhaps inure title in time, but no title by virtue of the proceedings alone.

But it is contended that Sims and his grantee, Brasius, are innocent purchasers, and therefore took title to the property, and should be protected as owners. If the court had no power to make the decree, and there were no facts *in pais,* of course no title could be acquired by any one. If the decree did not bind Vina Bryan, and no act or failure to act on her part operated as an estoppel *in pais,* would Sims or Brasius occupy any better position in law than one who buys a title to real estate apparently faultless on the face of the records, but subject to the fatal infirmity of a forged deed or power of attorney in the chain of title? A party must have his day in court, or he is not bound by the proceedings, however innocent (if we may use that term in such connection) the purchaser may be who seeks to deraign title thereunder. Of course, if the title still remained in Vina Bryan or Vina Brown, she could convey it to her grantee. If the case stopped here, I would think the decree below should be reversed. But the facts in the case disclose an indebtedness of twenty-five hundred dollars to Kales from T. J. Bryan, and a mortgage to secure the same on the property in dispute, a proceeding in court, in good faith and without fraud on the part of Kales or any one, to foreclose the mortgage, (the proceeding thought to be valid and regular on its face,) a sale under the decree of the court, and possession taken in pursuance thereof, and taxes paid and valuable and lasting improvements made by the purchaser and his grantees. The plaintiff brings suit by action of ejectment. He does not pay or offer to pay the mortgage debt. In this territory the action of ejectment is based upon the right of possession. I think, on the very best of authority and the highest equity, the defendant must be held to be the mortgagee in possession, and subrogated to the rights of Kales under his mortgage, and entitled to remain in possession till the requirements of equity are fully met. On this proposition it is only necessary to refer to the following authorities: *Cooke v.*

*Cooper,* 18 Or. 142, 17 Am. St. Rep. 709, 22 Pac. 945; *Jackson* v. *Minkler,* 10 Johns. 479; *Phyfe* v. *Riley,* 15 Wend. 248, 30 Am. Dec. 58; *Van Duyne* v. *Thayre,* 14 Wend. 233.

But it is claimed by appellant that the debt secured by the mortgage was barred by the statute of limitations at the commencement of this action, and therefore need not be paid. I do not think a court of equity would ever allow the statute to have that effect. It would be so inequitable and shocking to all sense of right that a court exercising equitable powers, as this court does, and recognizing equitable defenses in an action of ejectment, would never disturb the possession of a mortgagee in peaceable and quiet enjoyment under legal proceedings, valid or invalid, until the mortgage debt was paid and all other requirements of equity fully met. If the decision in this case rested solely on this last proposition, the case should perhaps be remanded for an accounting, etc. But as a majority of this court think the judgment of the court below should be affirmed on other grounds as well, the judgment of the court below will simply be affirmed.

WELLS, J.—I concur in the judgment.

SLOAN, J.—While concurring in the judgment, I am unable to concur in the view that the judgment in the case of *M. W. Kales* v. *M. W. Kales, Admr.,* does not constitute an estoppel of record binding upon appellant herein. I hold that the rule of evidence that from identity of name identity of person is to be presumed has no application to a judgment of a court of general jurisdiction, where the effect of such application would be to destroy the presumption of the regularity of such judgment. If this be true, I think the judgment in the case of *Kales* v. *Kales, Admr.,* was not void upon its face and open to attack in this action. At the oral decision of this cause I expressed a different view from this, but subsequent reflection and a further examination of the authorities has led to the conclusion reached and expressed by me in *Bryan* v. *Kales, ante,* p. 423, 31 Pac. 517, (decided at this term).