162 U.S. 415
 16 S.Ct. 803
 40 L.Ed. 1022
 BRYAN
v.
BRASIUS et al.
 No. 200.
 April 13, 1896.
 
 In his lifetime on Jonathan M. Bryan, who was the owner of the 160 acres of land in controversy in this action, being the N. E. 1/4 of section 5, township 1 N., range 3 E., Gila and Salt River meridian, executed and delivered his promissory note to M. W. Kales, February 23, 1883, for the sum of $2,500, payable February 23, 1884, with interest at the rate of 1 1/2 per cent. a month. To secure the payment of the note, on the same day he executed and delivered to Kales a mortgage of all the said land. At that time, and also at the time he acquired the said property, Jonathan M. Bryan was a married man, his wife being Vina Bryan. On August 29, 1883, Jonathan M. Bryan died intestate, leaving Vina Bryan his widow and sole heir; and on September 24, 1883, the said M. W. Kales was duly appointed administrator of his estate by the probate court of Maricopa county, territory of Arizona, wherein the said land was situate, and continued in such office until the administration was closed, December 6, 1884. In the administration of the estate the said property was not distributed.
 On September 28, 1883, Kales brought an action in the district court of the territory of Arizona, county of Maricopa, in which he, M. W. Kales, as plaintiff, sued himself, M. W. Kales, administrator of the estate of Jonathan M. Bryan, deceased, as defendant, and in which he asked for judgment upon the note and foreclosure of the mortgage, and for a sale of the mortgaged premises to satisfy the judgment. A summons was duly issued out of the said court on October 5, 1883, and on the same day was duly served on M. W. Kales, administrator, the defendant named in the action, who, on the day following, made answer, and admitted each and every allegation of the complaint filed, and consented that judgment or decree might be entered in accordance with the prayer thereof.
 On the 9th day of October, 1883, being a day of the regular term of the said court, the said cause came on for trial, and the same having been tried and duly submitted, the court, on October 16, 1883, rendered judgment against M. W. Kales, administrator of the estate of Jonathan M. Bryan, deceased, defendant, in favor of M. W. Kales, plaintiff, for the sum of $2,670, entered a decree to foreclose the mortgage, and ordered that the property be sold to satisfy the judgment; and on November 8, 1883, an order for the sale of the premises was issued out of the said court on the judgment, and delivered to the sheriff of Maricopa county for execution.
 On December 15, 1883, the sheriff, having advertised the property for sale under the judgment for the time prescribed by law, offered the same for sale to the highest bidder, for cash, and sold the same to the said M. W. Kales for the sum of $2,975, that being the highest price bid, and issued to Kales a certificate of sale therefor, which certificate, on June 13, 1884, was sold and assigned by him to one J. T. Sims for the sum of $3,500. On June 16, 1884, the sheriff executed and delivered to J. T. Sims, the assignee of the certificate of sale, a deed for the property, and on February 28, 1887, Sims conveyed the property to George T. Brasius.
 In the meantime, Vina Bryan married one R. D. Brown, and on June 28, 1887, she conveyed the said property, by quitclai deed, in the name of Vina Brown, to T. J. Bryan.
 By the agreed statement of facts upon which the present case was heard in the court below, and in which the matters stated above are to be found mentioned, it further appears that M. W. Kales, the plaintiff in the said suit, was the same person as M. W. Kales, administrator, the defendant therein; that at the time the present cause of action arose the defendants were in possession of the said property; that no part of the property was sold by the administrator of Jonathan M. Bryan's estate in the course of administration; that the said note and mortgage were never paid or satisfied, unless by the sale under the said foreclosure proceedings; that at the said sale made by the sheriff the property sold for its market value; that, immediately after the purchase of the property by J. T. Sims, he entered into possession thereof, and that he and those claiming under him were still in possession of the same when the statement of facts in this case was prepared; that Sims and those claiming under him have, since June 16, 1884, paid taxes upon the property, and that after that date he and they made valuable improvements upon the premises, which remain thereon, without any notice of the claim of the plaintiff in this action or his grantor, except such notice as may have been imparted by the record in the said suit; and that, at the time when Sims bought the property and paid the purchase money therefor, he did not know and had no notice that M. W. Kales, from whom he obtained the assignment of the said certificate of sale, was the same person who was the administrator of the estate of Jonathan M. Bryan, deceased, except such notice as may have been imparted by the record aforesaid.
 The present action, which was an action of ejectment to recover possession of the said property, was brought, July 11, 1887, by T. J. Bryan, the grantee, as aforesaid, of Vina Bryan, against George T. Brasius and others, in the district court of the Second judicial district of the territory of Arizona, in and for the county of Maricopa. At the trial a jury was waived, and the case was tried by the court. On December 2, 1890, a judgment was entered in favor of the defendant, and the plaintiff thereupon appealed to the supreme court of the territory of Arizona, where the judgment of the said district court was affirmed. 31 Pac. 519. The plaintiff then appealed to this court.
 Wm. A. McKenney, for appellant.
 A. H. Garland and R. C. Garland, for appellees.
 Mr. Justice SHIRAS, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 This case differs from the case of Bryan v. Kales (just decided) 16 Sup. Ct. 802, in the particular that the mortgagee, Kales, is not himself the defendant, but the defendants in possession are his alienees. The question thus presented is precisely the one that was ruled in the case of Brobst v. Brock, 10 Wall. 519, where this court held that a mortgagor of land cannot recover in ejectment against the mortgagee in possession, after breach of the condition, or against persons holding possession under the mortgagee; and also held that an irregular judicial sale made at the suit of a mortgagee, even though no bar to the equity of redemption, passes to the purchaser at such sale all the rights of the mortgagee as such. Gilbert v. Cooley, Walk. (Mich.) 494; Jackson v. Bowen, 7 Cow. 13.
 
 
 2
 So in Jackson v. Minkler, 10 Johns. 479, it was held that the assignee of a mortgage, in possession of the premises, is protected by the mortgage, though no foreclosure of it was shown, against an action of ejectment by a mortgagor.
 
 
 3
 The judgment of the court below (Bryan v. Brasius, 31 Pac. 519) was placed on this ground, and it is accordingly affirmed.