[Civil No. 2500.   Filed October 28, 1926.]

[250 Pac. 246.]

O. A. ENSIGN, Appellant, v. GEORGE R. KOYK, Appellee.

Mr. A. L. Hammond, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellee.

ROSS, J.—This is an action of replevin, in which Koyk, as plaintiff, sought to recover from defendant, Ensign, an air-compressor and equipment. The complaint is the ordinary one in replevin. Defendant's answer is a general denial. The case was tried before the court without a jury. The court made written findings of fact and conclusions of law separately,

as required by the statute. Paragraph 528, Civil Code 1913. These were favorable to plaintiff's cause, and upon them judgment was entered for plaintiff.

An inspection of the record discloses that the principal issue at the trial was as to whether the air-compressor was personal or real property. If we adhere to the findings of fact and conclusions of law of the trial court, that is the end of it; but defendant claims in his assignments these are not supported by the evidence.

The reporter's transcript of the oral testimony was not made a part of the record, and no exhibits were sent up. The defendant has undertaken to supply these by substituting in their place what he has styled "Statement of Facts Settled by Court, Including Settlement by Court." This paper is not here, "as the papers or portions of the record to be transmitted to the Supreme Court," upon stipulation of the parties, as provided in paragraph 1256, Civil Code. It is not a "statement of the case and the proceedings therein," agreed to by the parties and approved and signed by the judge, as provided for in paragraph 1257. It is an *ex parte* statement, signed by defendant's attorney and "approved and settled" by the judge who tried the case. On its face it recites that it is only "a substantial statement of the facts as shown by the evidence introduced at the trial of said cause."

What the attorney for defendant might select from the whole evidence, as constituting a "substantial statement of the facts," it is most likely would not receive the approval of his opponent. A vital item of evidence might strike him as unimportant, and he would omit it from the statement. If the case is to be heard in this court on a portion of the record, the parties must stipulate the portion (paragraph 1256, *supra*), or if upon a statement of facts, they must

agree upon such facts, which agreement must be approved by the judge who tried the case (paragraph 1257, *supra*).

What purports to be the facts was not settled or agreed upon or approved as the law contemplates, and does not pretend to be all the facts, but only "a substantial statement" thereof. An examination of such "statement" shows that it contains only excerpts from the exhibits and the testimony of witnesses. It does not pretend to give all of the oral evidence, nor all of the written or documentary evidence. Witnesses testified, no part of whose testimony is set out.

One of the court's findings is that the conditional sales or lease contract of the air-compressor, in which the seller retained title until it was paid for, "was duly recorded on March 18, 1920, in the office of the county recorder of Yavapai county, Arizona"; but there is an entire absence of any evidence in the "statement" that such instrument was ever placed of record.

Another finding is, in effect, that the seller (Chicago Pneumatic Tool Company) sold the air-compressor to the Tiptop Mining Company, and that the Tiptop Mining Company placed it upon mining claims of which it was the lessee. In the so-called "statement" there is no evidence that the Tiptop Mining Company ever had a lease of the mining claims upon which the air-compressor was installed, or that it ever installed such machinery thereon.

We cite discrepancies between the court's findings and the "substantial statement of facts," to show that the latter must be only a partial statement of the evidence. We think, before we would be justified in setting aside the court's findings and judgment for want of evidence to support them, we should be furnished, in legal and authentic form, all of the evi-

dence submitted to and considered by the court in arriving at its conclusions. If all the evidence is not before us, we will presume that it was sufficient to support the findings and the judgment. This has been the rule in this jurisdiction, and we think it is the rule generally. *Wooster* v. *Scorse,* 16 Ariz. 11, 140 Pac. 819.

Turning to the merits of the case, we think, considering the findings of fact and the so-called statement of facts together, this is about what happened: The Tiptop Mining Company was the lessee of some patented mining claims; in 1920 it bought of the Chicago Pneumatic Tool Company the air-compressor and equipment upon a conditional sales contract or lease, which was duly recorded in the proper records of Yavapai county, and then or thereafter installed said air-compressor upon said mining claims, by placing the same upon a concrete base and securing it thereto with bolts imbedded in the concrete, for the purpose of convenient use in operating said mines; that the Tiptop Mining Company defaulted in its payments, whereupon the seller, Chicago Pneumatic Tool Company, claimed its property and received from the Tiptop Mining Company a bill of sale, reciting the facts of its inability to pay and return of property to the seller; that the seller thereafter sold said air-compressor and equipment to the plaintiff herein.

The defendant, as the caretaker of the owners of the mines, claims that the manner in which the air-compressor was attached to the soil changed its character from personalty to realty, and that the owner of the mines became the owner of the air-compressor. It seems to us that he overlooks the fact that the seller of the air-compressor retained title in itself until the property was paid for. It caused the written contract, with such condition in it, to be recorded,

which recordation was constructive notice to all the world that the Tiptop Mining Company was not the owner of the machinery when it was placed upon the mines, but that it belonged to the Chicago Pneumatic Tool Company.

26 Corpus Juris, 676, section 39 et seq., states the rule to be that the agreement, as between the owner of the realty and the party affixing personalty thereto, generally determines the character of the latter, especially as between the immediate parties to the agreement. The agreement, however, will not be permitted to control or govern the character of the personalty after it is affixed to the soil, so far as to defeat the rights of innocent mortgagees and purchasers without notice. At page 689, section 60, it is said:

"As against a lessor of land, an agreement reserving the right of removal in favor of a person selling articles to the lessee has been held to be effective, and the fact that the lease provided that all improvements should belong to the lessor, or that the landlord should have a lien for rent on all things bought (*sic*) on the land, has been regarded as immaterial in this respect."

The rule thus stated seems to be well supported by the cases cited. In *Jeffrey Mfg. Co.* v. *Mound Coal Co.* (D. C.), 215 Fed. 222, it was held that the vendor's reservation of title to machinery was good as against the landlord's claim for rent due from tenant, who had bought and placed machinery on mines under conditional sales contract.

In *Byron Jackson Iron Works* v. *Hoge,* 49 Cal. App. 700, 194 Pac. 45, the lessee of a mining claim placed machinery thereon to aid in its operation; the vendor of such machinery retaining title until it was paid for. After the lessee had discontinued operating the mine, the vendor, against the claim of ownership by the lessor, was sustained by the court in his

claim of ownership. The court, after reviewing the California cases bearing upon the question, said:

"The overwhelming weight of authority unquestionably is, as contended by appellant, that where personal property is sold under a contract reserving the title, to be affixed to real estate, the title of such seller becomes subject to the rights of mortgagees and purchasers in good faith and without notice of the reserved title. But that is not this case. The defendants are neither mortgagees nor purchasers. They are simply the owners of certain mining premises, which they have leased to the Willow Mining Company, with the right given and under the expectation that the Willow Mining Company would install machinery thereon and operate the same. Under such a state of facts, and under the long-established rule of decision in this state that conditional sales are valid, it must be held in this case . . . that the pump and motor were personal property in the hands of the defendants, the same as while in the possession of their lessees."

So, after a full survey of the case, we are compelled to affirm the judgment of the lower court, first, because under the decisions we will not review evidence, unless it is all before us, for the purpose of determining whether it supports the findings or judgment; and, second, because the record as presented discloses that the court correctly decided the case upon its merits.

McALISTER, C. J., and LOCKWOOD, J., concur.