[Civil No. 2953. Filed February 2, 1931.]

[295 Pac. 326.]

GEORGE W. MILLER, Appellant, v. J. C. MAD-
DUX and LILA MADDUX, His Wife, J. N.
BREWER and IVA BREWER, His Wife, and
JOE MORGAN, Appellees.

Mr. John A. Ellis, Messrs. Norris, Flynn & Patter-
son and Mr. Byron M. Partridge, for Appellant.

Mr. Louis L. Wallace and Mr. Charles P. Elmer,
for Appellee Joe Morgan.

LOCKWOOD, J.—George W. Miller, hereinafter
called plaintiff, brought suit against J. C. Maddux
and Lila Maddux, his wife, J. N. Brewer and Iva
Brewer, his wife, and Joe Morgan, the latter being
called defendant hereinafter, to foreclose a mortgage
on certain real and personal property in Kingman,
Arizona. The Madduxes and the Brewers were the
makers of the mortgage, and Morgan was made a
party on the ground that he claimed a prior lien on
the property described in the mortgage. The Mad-

duxes and the Brewers defaulted, but Morgan answered, setting up two separate defenses, the first being an allegation that he held a lien on the property in question, and a denial that the mortgage was a prior lien thereon.

The matter was tried to the court sitting without a jury, and, the trial judge being from an outside county, a decision was filed in the case in accordance with the provisions of section 3697, Revised Code of 1928. From the judgment rendered on such decision and the order denying the motion for a new trial, plaintiff has appealed.

A reporter's transcript of the evidence at the trial was filed in this court, but upon motion of defendant it was ordered stricken. Thereafter plaintiff moved to reinstate the transcript, and filed an affidavit in support of such motion. We have examined the motion and the affidavit carefully, and are of the opinion they do not state a sufficient ground for reinstating the reporter's transcript. The motion is therefore denied.

There are some eight assignments of error set up by plaintiff. All except one of these require an examination of the evidence in the case. We have held repeatedly that, unless all of the evidence is before us, we will not review errors which involve a consideration of the facts disclosed by the evidence. *Billups* v. *Utah Canal etc. Co.,* 7 Ariz. 211, 63 Pac. 713; *Wooster* v. *Scorse,* 16 Ariz. 11, 140 Pac. 819; *Ensign* v. *Koyk,* 31 Ariz. 1, 250 Pac. 246. Since the reporter's transcript is not legally before us, we cannot consider plaintiff's assignments of error, with the exception of the sixth, which is that the court erred in overruling plaintiff's demurrer to the second defense set up in the answer of defendant on the ground that it did not constitute any defense to the complaint. We have examined the record carefully, and can find

nothing to indicate that the court acted upon any demurrer to this defense. Be that as it may, however, the first defense set up in the answer was not demurred to, and in our opinion states a defense to the complaint so far as Morgan is concerned. No affirmative relief was prayed for in that count of the answer, and none was granted by the judgment. For this reason it is immaterial as to whether the demurrer to the second defense was waived or not, or whether it should be considered as sustained or overruled, for we must presume the court based its judgment on the good defense, if any such appear on the face of the record, in the absence of an express finding to the contrary. *Watson* v. *Lawson,* 166 Cal. 235, 135 Pac. 961; *Nielsen* v. *Provident S. L. A. Soc., etc.,* 139 Cal. 332, 96 Am. St. Rep. 146, 73 Pac. 168; *Union Collection Co.* v. *Oliver,* 23 Cal. App. 318, 137 Pac. 1082.

Every intendment is in favor of the judgment of the lower court, and, when the record is silent on any point, we must presume such action was taken as will sustain the judgment. *Tietjen* v. *Snead,* 3 Ariz. 195, 24 Pac. 324; 4 C. J. 736, and notes.

For the foregoing reasons the judgment of the superior court of Mohave county is affirmed.

McALISTER, C. J., and ROSS, J., concur.