[Civil No. 3280.   Filed March 21, 1933.]

[20 Pac. (2d) 301.]

R. D. GREER, Individually, and R. D. GREER, Administrator of the Estate of HANNAH C. GREER, Deceased, Appellants, v. LEO FROST and THELMA FROST, His Wife, Appellees.

Mr. Dodd L. Greer, for Appellants.

Mr. W. E. Ferguson, for Appellees.

LOCKWOOD, J.—R. D. Greer, in his individual capacity and as administrator of the estate of Hannah C. Greer, deceased, hereinafter called plaintiff, brought suit against Leo Frost and Thelma Frost, his wife, hereinafter called defendants, to recover the possession of certain real estate described in the complaint, which we shall hereinafter call the Snow-

flake property, and rental and damages for the unlawful detention thereof. Defendants answered and cross-complained, asking that a deed given by them to plaintiff, covering what we shall hereinafter call the St. Joseph property, be declared null and void, and that the title to such property be quieted in them. The case was tried to the court, and findings of fact were made and a judgment rendered that certain notes and the deed referred to above be canceled; that the title to the St. Joseph property be quieted in defendants, and that they recover possession thereof, and that plaintiff recover possession of the Snowflake property. After the usual motion for new trial was overruled, plaintiff appealed.

We state the facts as follows, giving any disputed matter of fact the construction placed on it by the trial court, as we must under our rule. In 1923, plaintiff R. D. Greer, in his individual capacity, entered into a written contract with the defendants whereby he agreed to sell, and defendants agreed to purchase, the Snowflake property. Apparently no cash was paid, but defendants gave to plaintiff three notes aggregating $1,800, and went into possession of the property. As additional security for the payment of these notes, defendants, who were then the owners of the St. Joseph property, executed a deed to that property in favor of plaintiff, but did not then give possession thereof. The notes were not paid when due, and about the first day of December, 1925, defendants delivered possession of the St. Joseph property to plaintiff.

Some time after the default in payment of the notes aforesaid, defendants brought suit against plaintiff, alleging in substance that there had been an agreement for the exchange of the properties in question; that defendants had executed their part of the transaction and conveyed the St. Joseph property to plaintiff, but that plaintiff had refused to carry out his

part of the bargain to convey the Snowflake property to defendants. The prayer for relief was that the plaintiff be compelled to convey the Snowflake property as aforesaid. The case was heard and the court made findings that the transaction was not an agreement of exchange but one whereby defendants had agreed to purchase the Snowflake property from plaintiff, giving their notes therefor, and that the deed which they had made in favor of plaintiff covering the St. Joseph property was in law a mortgage to secure the notes, which had never been paid. Under these circumstances judgment was rendered denying specific performance of the contract for the conveyance of the Snowflake property.

The matter thus remained *in status quo,* plaintiff being in possession of the St. Joseph property under the deed aforesaid and defendants being in possession of the Snowflake property, the legal title to which was still in plaintiff. Thereafter this present suit was brought by plaintiff for the recovery of the possession of the Snowflake property. For some reason the case was not tried for several years and judgment was not rendered until July 21, 1932. Findings of fact were made to the effect that the Snowflake property which plaintiff R. D. Greer had agreed to sell to defendants was community property, and, since his wife had not signed the agreement of sale and had refused to execute a conveyance thereof, the contract of sale could not be enforced; that the conveyance of the St. Joseph property by defendants to plaintiff was only as security for the payment of the notes which represented the purchase price of the Snowflake property and that there was not sufficient evidence on which to base an accounting as between the parties. As a conclusion of law from the foregoing findings the court held that the notes should be canceled, and that each of the parties should

recover his original property, and judgment was rendered to this effect.

The appeal herein is prosecuted from the portion of the judgment returning to defendants their original St. Joseph property. There are some seven assignments of error which we will consider in accordance with the legal questions raised thereby. The first is that the court erred in requiring plaintiff to give up possession of the St. Joseph property for the reason that a mortgagee in possession with the mortgage debt unpaid is entitled to retain such possession until payment of the debt. As an abstract proposition of law this is undoubtedly true. *Bryan* v. *Brasius,* 3 Ariz. 433, 31 Pac. 519; 2 Jones on Mortgages, 7th ed., p. 99, and cases. But if the debt was without consideration, the obligation was at an end, the mortgage also fell, and the rule of law just stated is inapplicable. *Weatherford* v. *Adams,* 31 Ariz. 187–200, 251 Pac. 453.

We consider, therefore, whether or not the debt was as a matter of fact and law without consideration. This proposition is obviously based on the theory that, since plaintiff's wife did not sign the agreement to convey the Snowflake property, it could not be enforced, and, since such conveyance was the only consideration for the debt, it was without consideration. It is, of course, the law in this jurisdiction that the husband cannot make a contract to convey community real estate without the consent of his wife. Paragraph 2061, Rev. Stats. Ariz. 1913 (Civ. Code); *Rundle et al.* v. *Winters et al.,* 38 Ariz. 239, 298 Pac. 929. The trial court found that the contract to convey in question was not agreed to by plaintiff's wife, and therefore, even though defendants paid or offered to pay the agreed purchase price, they could not enforce a conveyance of the property.

Plaintiff contends, however, that the previous action wherein defendants sought to enforce a con-

veyance of the property was *res adjudicata* as between the parties, and that a want of consideration for the debt cannot be raised in this action. If the issues litigated in the former action included the question as to whether or not there was a valid consideration for the debt, there is no doubt that question could not be again raised in the present action. When, however, it is contended that a case is *res adjudicata*, and the parties and cause of action are not identical, it must appear that the issues in the later case in regard to which the earlier case is claimed to be *res adjudicata* must have been controverted and actually decided in the first one. *Radford* v. *Myers*, 231 U. S. 725, 34 Sup. Ct. 249, 58 L. Ed. 454. Part of the record of the previous case was offered in evidence in the present one and is found in the abstract of record. We have examined it, and there is nothing which we find indicating that either the question of want of consideration for the debt or 'that of whether or not the contract of sale was unenforceable because the wife of plaintiff herein had failed to sign it was ever raised or litigated. The findings of fact and judgment, and so much of the pleadings as appear of record, apparently support the conclusion that the theory of plaintiffs in that action, defendants herein, was that the transaction was an agreement of exchange and that they had performed their part of the agreement and were entitled to a conveyance of the Snowflake property, while the findings of the court were to the effect that it was not an agreement of exchange but a contract of sale for a fixed price, and that defendants herein had not paid the purchase price and were therefore not entitled to their conveyance. We are of the opinion that such case is in no manner *res adjudicata* of the question of no consideration for the debt.

The question was then open for the trial court to determine in the present case whether or not the con-

tract of sale was enforceable, and it did determine on sufficient evidence that it was not, for the reasons aforesaid. If such were the fact, certainly it would be highly inequitable to allow plaintiff to retain possession of premises as security for the payment of a debt, the consideration of which had failed completely. Upon the findings of the trial court equity would require that each party be restored as far as possible to the *status quo ante*. This could be done only by returning to each the title and possession of the property which he formerly had, and the judgment of the court did this. In addition thereto, the parties were entitled to an accounting, and, indeed, this was asked by plaintiff in his pleadings. The court, however, found, and on the state of the record it was not an abuse of discretion so to find, that it was impossible to determine from the evidence as to how the account between the parties stood. Such being the case, and it being necessary for the party claiming a balance due to show it by affirmative evidence, we think the judgment on this point also was correct.

Plaintiff urges that at all events he was entitled to recover the $300 which he alleges was loaned or paid by him to defendants at the time of the execution of the agreement. Were it not for the judgment in the previous case there might be some merit in this contention, but in that case the findings of fact are in substance that the full sum of $1,800 represented by the notes in question was the purchase price of the Snowflake property. This negatives the idea that any portion of these notes represented a loan or advancement of any sum of money. Such being the case, and the mortgage on the St. Joseph property being merely to secure the debt in question, since the entire consideration therefor had failed, the court properly canceled the notes and the mortgage securing them. On the record as made we are

of the opinion that the judgment of the superior court of Navajo county should be affirmed, and it is so ordered.

ROSS, C. J., and McALISTER, J., concur.