[Civil No. 3483. Filed January 14, 1935.]

[39 Pac. (2d) 937.]

J. B. LOFTIS, Appellant, v. I. ILITZKY, Appellee.

Mr. J. B. Loftis, Appellant, *in pro. per.*

Mr. I. Ilitzky, Appellee, *in pro. per.*

ROSS, J.—The plaintiff, J. B. Loftis, sued the defendant, I. Ilitzky, to recover $693, money loaned; $500 salary as manager of the defendant's furniture store in Douglas; and $37.25, interest on the last item—or for $1,230.25.

The defendant answered, and in his answer claimed he was entitled to the following credits: To $454.60 for goods or furniture sold or exchanged from his store by plaintiff for a Chevrolet automobile; to $200 for furniture used or converted by plaintiff; to $298.60 for goods and furniture sold to one Sara Deets and charged to plaintiff's personal account; and to $98.42 overpayment, by mistake, of interest.

The plaintiff's reply to defendant's answer sets up that plaintiff was, as manager of defendant's store, to have a salary and a bonus equal to 7 per cent. of the net profits of the business; that the automobile account was settled out of plaintiff's share of the net profits; that the item of $200 was paid by deducting it from the amount due from defendant to plaintiff; that the Deets' account was solvent and collectable; that the item of $98.42 on account of interest was the correct amount owing from defendant to plaintiff as interest.

Upon the issues as thus made, the trial was commenced on November 2, 1932, but had not progressed very far when the court suspended the taking of further evidence and appointed an auditor to audit the accounts between the parties.

It is apparent from the contentions of the parties, as shown by their pleadings, that the accounts between them were more or less involved and compli-

cated. The propriety of appointing the auditor is not questioned here. However, the plaintiff was not satisfied with the auditor's report, and on March 17, 1933, his exceptions thereto and the report were taken up and considered by the court. At such hearing both parties were sworn and testified, as were also the auditor and other witnesses. The court took the case under advisement, and on July 10, 1933, rendered judgment in favor of plaintiff in the sum of $918.24, and costs taxed at $116.80, and directed the clerk of the court to pay said sums out of the $1,400 paid by the defendant into court to release his property from an attachment sued out by plaintiff.

Plaintiff has appealed from said judgment, claiming that under the evidence he was entitled to a judgment for the full amount sued for. We are, however, precluded from examining into that feature of the judgment, for the reason that all the evidence upon which the case was submitted and decided by the court is not before us. There were several witnesses who testified at the final hearing, or trial, on March 17th, and none of their testimony is in the record. We cannot tell from the record what, if any, documentary evidence was introduced at such trial. The court's minutes recite that the auditor appointed to audit the accounts between the parties was sworn and testified, but we have neither his report nor his testimony.

For two reasons we must affirm the judgment: (1) If all of the evidence were before us and conflicted, it would be our duty to affirm, on the ground that the decision of disputed or conflicting facts by the trial court is binding upon the Supreme Court; (2) the Supreme Court will not review the evidence to determine its sufficiency to support the judgment, unless it has all of the evidence before it. *Ensign* v. *Koyk*, 31

Ariz. 1, 250 Pac. 246; *Miller* v. *Maddux,* 37 Ariz. 485, 295 Pac. 326.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.