[Civil No. 3876. Filed December 13, 1937.]

[74 Pac. (2d) 53.]

ANTONIA M. GRADIAS, Appellant, v. JESUS G. GRADIAS, Appellee.

Mr. L. J. Cox and Mr. Wm. J. Fellows, for Appellant.

Mr. Greg Garcia, for Appellee.

LOCKWOOD, J.—This is an appeal from a judgment of the superior court of Maricopa county, in favor of Jesus G. Gradias, hereinafter called plaintiff, and against Antonia M. Gradias, hereinafter called defendant, granting a divorce and settling the community rights of the parties.

There is in reality but one question for us to determine on the appeal, and that is whether, at the time the action was brought, plaintiff and defendant were husband and wife by virtue of a common-law marriage, as contended by plaintiff, or had merely been cohabiting together, as claimed by defendant.

■■ It is urged most strenuously, on behalf of defendant that at the time the relationship is alleged to have commenced, to wit, March, 1905, common-law marriages did not exist within the territory of Arizona, and that the parties, therefore, could not have entered into such a marriage. We think the state of the record is such that it is unnecessary for us to determine this question. It is the general rule of law that a marriage

valid under the laws of the country where contracted will be recognized as valid everywhere. 18 R. C. L., p. 388. The question of the validity of the marriage, therefore, depends upon the place where it is contracted, and not the place where an action for divorce is brought.

This case comes before us on the abstract of record, the reporter's transcript of the evidence not being brought up, and we, of course, can consider, in determining the validity of the marriage, only the matters appearing in the record, and not arguments made by counsel, either orally or in their briefs. *McGinty* v. *Bass,* 40 Ariz. 385, 12 Pac. (2d) 283; *Cubbison* v. *Cubbison,* 45 Ariz. 14, 40 Pac. (2d) 86.

The allegations of the complaint, in regard to the marriage, are as follows:

"Plaintiff further alleges that on or about the month of March, A. D. 1905 this Plaintiff and the said Defendant commenced to live together as husband and wife and ever since that date and up to the month of October, A. D. 1935, plaintiff and defendant have lived and co-habited together as husband and wife and Plaintiff and Defendant always presented each other and treated each other as husband and wife, and that Defendant is the Common-law wife of this Plaintiff."

Nowhere in the complaint is there any suggestion as to where this alleged marriage was contracted. The defendant, in her answer, denies that there ever was any marriage, although she admits that she and plaintiff did live and cohabit as husband and wife for some thirty years after 1905. But in her answer she does not suggest as to where the cohabitation occurred.

Plaintiff replied to the answer, and alleged as follows:

"Further replying to said answer Plaintiff alleges that during the month of March A. D. 1905 Plaintiff and Defendant commenced to live and co-habit as husband and wife and did continue to so live and co-habit

up to the month of October A. D. 1935; That at all times within the said period of thirty years, Plaintiff and Defendant treated each other as husband and wife and presented each other to the public, to the neighbors and associates as husband and wife, and that during said time the Defendant gave birth to several children, some of whom are over the age of majority and one is a minor, to-wit: Suzie Gradias 17 years of age, and that Plaintiff is the father of the said minor child and that the other children are now over the age of majority; that because of said association, living together and cohabitation there was and now is a valid and subsisting common law marriage and that the said Defendant is the common law wife of this Plaintiff."

But, again, nowhere does he suggest as to where the alleged marriage occurred.

■ The court, in its judgment, found as follows:

"That Plaintiff and Defendant are husband and wife, by virtue of a common law marriage." But there is nothing in the judgment which would suggest where the common-law marriage found by the court to exist was contracted. It is, of course, our invariable rule that, when all of the evidence upon which the findings set forth in support of a judgment are based, is not before us, we must assume that it was of such a nature as to sustain the finding. *Miller* v. *Maddux,* 37 Ariz. 485, 295 Pac. 326; *Ensign* v. *Koyk,* 31 Ariz. 1, 250 Pac. 246. In the case of *Levy* v. *Blakely,* 41 Ariz. 327, 18 Pac. (2d) 263, 264, we said:

"Under the common law, marriage was held to be a civil contract creating a certain status. The essentials of such contract were originally capacity and consent. It was necessary that there should be an actual and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such a contract and consummated by their cohabitation as man and wife, or their mutual assumption openly of marital duties and obligations. 38 C. J. 1316. In addition thereto, in En-

gland the common law required a form of religious solemnization also, and the doctrine that marriages could be valid *per verba de praesenti* or *per verba de futuro* followed by cohabitation alone was expressly repudiated. [Citing cases.]

"In the United States, however, the large majority of the states have recognized the contractual marriage made without any formal solemnization by an authorized person, and it is usually, though incorrectly, called 'common-law' marriage. Kent Com. vol. 2, § 26, p. 74; 38 C. J. 1315, and note. In some jurisdictions, however, this doctrine of contractual marriage without solemnization has always been rejected, and many other states which formerly accepted it have since specifically abolished it by statute."

 Since there is nothing in the record to show where the marriage found to exist by the court was contracted, we must assume that the evidence shows it was contracted in a state where such marriages were valid.

As the only attack upon the judgment of the court is based upon the theory that the marriage set forth in the complaint was not a valid one, the judgment must be affirmed.

McALISTER, C. J., and ROSS, J., concur.