[Civil No. 3959.   Filed April 4, 1938.]

[77 Pac. (2d) 1100.]

IRA D. COOK and ELMA COOK, His Wife, Appellants, v. ROBERT STEVENS, Appellee.

Mr. V. L. Hash, for Appellants.

Messrs. Cunningham & Carson, for Appellee.

LOCKWOOD, J.—Ira D. Cook and Elma Cook, his wife, hereinafter called plaintiffs, brought suit in the superior court of Maricopa county against Robert Stevens, hereinafter called defendant, to quiet title to the north half of the northwest quarter of section 33, township 1 north, range 1 east of the Gila and Salt River base and meridian, claiming that defendant was unlawfully occupying a certain portion of said premises, being all that part lying between the south boundary thereof and the St. Johns canal, amounting to approximately 15 acres. Defendant answered, alleging that on the 19th day of April, 1910, he had made application for a homestead of the south half of the northwest quarter of section 33 above, and that patent was thereafter and in due course issued to him to said land; that he went into possession of the

property and immediately constructed a fence inclosing the premises on the lines then established as the boundaries thereof by certain surveys, except on the north boundary. The reason that he did not follow along the north boundary with his fence was that there existed an irrigation ditch, known as the St. Johns canal, which entered his premises on the eastern side, passed diagonally across until it reached the north boundary some 1,000 feet west of the eastern boundary, and then crossed such north boundary into the north half of the northwest quarter aforesaid, and curved in a northwesterly direction through such north half; that the north half at the time was occupied by one Yeager, plaintiffs' predecessor in interest, and that by agreement with Yeager, defendant occupied that portion of the north half of the northwest quarter of the section aforesaid, which was south of the St. Johns canal, while Yeager occupied that portion of the south half of the northwest quarter which lay north of the St. Johns canal, and in accordance with such agreement, defendant built a fence including that portion of the north half of the northwest quarter lying south of the St. Johns canal, but excluding from the fenced area that portion of the south half of the northwest quarter lying north of the St. Johns canal; that in the next year defendant moved his house on the portion of the north half of the northwest quarter fenced by him as aforesaid, and ever since that time has been in open, notorious, adverse, and peaceable possession of all of the premises inclosed by the fence aforesaid, cultivating, using, and enjoying the same and paying taxes thereon; and that all the predecessors of the plaintiffs in the north half of the northwest quarter aforesaid have acquiesced in such possession by defendant; and that by reason thereof plaintiffs' claim, if they have any, is barred by the statute of limitations.

The case came on for trial before the court sitting without a jury, and the court made findings of fact, including among them the following:

"4. That at the time defendant Robert Stevens went into possession of the south half of the northwest quarter of section 33, township 1 north, range 1 east of the Gila and Salt River Base and Meridian, Maricopa County, Arizona, the said north half of the northwest quarter of said section 33 was occupied by one Mr. Yeager, who was with his wife the owner thereof. .

"5. That the exact location of the boundary line between the said north half and the said south half of said northwest quarter of section 33 was at said time uncertain; that said Mr. Yeager and said defendant Robert Stevens verbally agreed upon the location of a fence and defendant Robert Stevens erected a barbed wire fence along said line, so agreed upon between himself and said Mr. Yeager and ever since has maintained the same upon the boundary line described in paragraph 7 hereof.

"6. That defendant Robert Stevens has been in peaceable, open, notorious and adverse possession of said south half of the northwest quarter of said section 33 in township 1 north, range 1 east of the Gila and Salt River Base and Meridian, in Maricopa County, Arizona, for more than twenty-five years and by virtue of said adverse possession is now the owner in fee simple thereof to the said fence and boundary described in paragraph 7.

"7. That the north boundary line of said the south half of the northwest quarter of section 33, township 1 north, range 1 east of the Gila and Salt River Base and Meridian, Maricopa County, Arizona, is hereby described as follows: (giving survey in accordance with the fence line claimed by defendant)."

As conclusions of law from the foregoing findings, the court found:

"2. That defendant is entitled to judgment in this action by reason of the fact that he has been in open, notorious, peaceable and adverse possession of the

south half of the northwest quarter of section 33, township 1 north, range 1 east of the Gila and Salt River Base and Meridian, Maricopa County, Arizona, for more than twenty-five years, the north line of which said south half of said northwest quarter of section 33, township 1 north, range 1 east, is described hereinabove.''

And judgment was rendered accordingly. Thereafter, this appeal was taken.

Plaintiffs made four assignments of error. The first two attack the findings of fact in the judgment. The third is that the court erred in rendering judgment against plaintiffs for the reason that the boundary line found by the court is dependent upon an agreement between one Yeager and the defendant, without the consent of the former's wife. The fourth assignment is that the judgment does not conform to the pleadings, in that the sole issue raised by them was whether or not plaintiffs or defendant were entitled to the possession of the north half of the northwest quarter of section 33 aforesaid.

The evidence in the case was not brought up and is not before us. We must, therefore, presume that the findings of fact were supported by adequate evidence. *Ensign* v. *Koyk,* 31 Ariz. 1, 250 Pac. 246; *Miller* v. *Maddux,* 37 Ariz. 485, 295 Pac. 326; *Loftis* v. *Ilitzky,* 45 Ariz. 33, 39 Pac. (2d) 937. This disposes of the first two assignments of error.

The third is that the boundary line was made dependent upon the agreement between Yeager and the defendant, and that since Yeager's wife did not consent thereto such agreement was void. The fifth finding of fact is that the exact location of the boundary was uncertain in 1910, and that Yeager and defendant verbally agreed upon the location of the fence line, whereupon defendant erected a fence along the agreed line, and has ever since maintained it. It is urged

that this was, in effect, an attempt by Yeager to convey certain property without the consent of his wife, he being at that time a married man, and that such a conveyance, under the law of Arizona, is void. It is contended by defendant that his rights are not based upon a conveyance, but upon open, notorious and adverse possession of the property in dispute, and that the agreement between himself and Yeager is only material as showing that he occupied the premises in 1910 and ever since under a claim of adverse ownership.

██ It is, of course, true that a married man may not convey community real estate in Arizona without his wife joining in the conveyance, and a conveyance by him alone is void. *Greer* v. *Frost,* 41 Ariz. 551, 20 Pac. (2d) 301. But if he attempts to do so and his wife, with knowledge of the facts, makes no protest, and the grantee goes into possession of the premises under the void conveyance, the statute of limitations runs against the wife in the same manner as it does against any other person, and if the grantee remains in such possession for the statutory period, both the wife and the husband will be barred from an action to recover the premises. *Hall* v. *Weatherford,* 32 Ariz. 370, 259 Pac. 282, 56 A. L. R. 903.

█ The essential facts in this case are very similar to those in the cases of *Trevillian* v. *Rais,* 40 Ariz. 42, 9 Pac. (2d) 402, and *Watrous* v. *Morrison,* 33 Fla. 261, 14 So. 805, 39 Am. St. Rep. 139. Since the court has found upon what we must assume to be ample evidence that the defendant had been in open, notorious, adverse, and peaceable possession of the south half of the northwest quarter of section 33 aforesaid up to the boundary line described in the findings, we must assume that Yeager and his wife both had knowledge of the possession and made no objection thereto until long after the statute of limitations had run. We need

not discuss which particular statute of limitations is applicable in the present case, for the period of adverse possession found by the court is far greater than that of the longest time fixed by any statute as barring the right of recovery of real estate.

The fourth assignment of error is apparently that, under the pleadings and the theory on which the case was tried, the judgment was limited to the sole question of whether plaintiffs or defendant were entitled to the possession of the north half of the northwest quarter of section 33 aforesaid, and that it was, therefore, improper for the court in its judgment to determine the southerly boundary of such north half. The answer of the defense clearly sets up adverse possession to that portion of the north half of the northwest quarter aforesaid which plaintiffs claim was occupied wrongfully by defendant. The court found that defendant had been in such open, notorious, and adverse possession for more than twenty years, and further found that the boundary line fixed by the findings had been acquiesced in by both Yeager and defendant for more than twenty-five years. We think defendant's answer raised the issue of adverse possession of the particular lands in the north half of the northwest quarter which was in controversy, and that the judgment properly determined that issue. Every intendment is in favor of the judgment of the lower court, and when the record is silent on any point, this court must presume the proper action was taken. *Miller* v. *Maddux, supra; Tietjen* v. *Snead,* 3 Ariz. 195, 24 Pac. 324.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.