[Civil No. 3921.   Filed July 5, 1938.]

[80 Pac. (2d) 963.]

ANNA THEODORE, Executrix of the Last Will and
Testament of HARRY B. LAGOS, Deceased, Appellant, v. ILLINOIS BANKERS LIFE ASSOCIATION, a Corporation, and ILLINOIS
BANKERS LIFE ASSURANCE COMPANY, a
Corporation, Appellees.

Mr. V. L. Hash, for Appellant.

Messrs. Moeur & Moeur, for Appellees.

ROSS, J.—This is an action on a life insurance
policy, and the appeal is from an order of the court at

the close of the whole case directing a verdict for the insurers.

The appellant Theodore assigns the court's ruling directing the verdict as error. The defense of the insurers was that the insured was not in good health when the policy was delivered to him and that he misrepresented the condition of his health and made false statements in his application. We quote appellant's proposition of law, made in connection with her assignment, which is as follows:

"Whether or not insured has falsified in his statements as to good health, disease, illness, infirmities in his application is a question for the jury where the evidence conflicted or even where it is close."

We agree with this proposition but by its very nature it requires an examination of the evidence. It challenges the sufficiency of the evidence to support the court's action. We cannot possibly know whether appellant's contention, that there is conflict in the evidence, is right unless we have the evidence before us. It is not in the record. Appellant excuses her failure to have it sent up by stating that she had no money to pay for it. When an appeal is predicated on a ruling involving the weight of the evidence, no excuse for not having the evidence before the appellate court is good. Counsel repeatedly states in his brief that the evidence on the issues was conflicting but we are not permitted to accept his statement. The presumption is that the court's ruling was correct and proper. *Frederickson* v. *McIntyre, ante,* p. 61, 78 Pac. (2d) 1124; *Gradias* v. *Gradias,* 51 Ariz. 35, 74 Pac. (2d) 53; *State ex rel. Galbraith* v. *Central Bank of Wickenburg,* 31 Ariz. 337, 253 Pac. 439.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.